DAVID TANNENBAUM, Plaintiff-Appellant, v. LINCOLN NATIONAL BANK, *et al.*, Defendants-Appellees.

Second District   No. 2—85—0297

Opinion filed May 14, 1986.

David Tannenbaum, of Grayslake, for appellant, *pro se.*

Linda E. Spring, of Wildman, Harrold, Allen & Dixon, of Waukegan, and Earl B. Lichten, of Berger, Newmark & Fenchel, P.C., of Chicago, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, David Tannenbaum, appearing *pro se*, filed suit in the circuit court of Lake County against defendant Lincoln National Bank and Gene Torkelson, an officer of the bank (collectively, the bank), seeking actual and punitive damages for "home invasion and violation of [plaintiff's] civil rights and trespass" to plaintiff's home which occurred on November 8, 1983, and arose out of the defendants' alleged illegal conspiracy to cause the repossession of a 1983 Buick LeSabre automobile owned by plaintiff's wife. This complaint was stricken and plaintiff filed an amended complaint, adding as defendants the village of Deerfield (the village) and "Unknown Defendants", and the allegations that the police department of the village of Deerfield had been notified of the bank's intention to repossess the vehicle; that the police department knew that the vehicle was kept "within the premises of the plaintiff"; and that when he called the police department to report the car was being stolen and that his home had been broken into, the police did nothing to protect his home "prior to or then after the complained of Home Invasion, Trespass, and Deprivation of Civil Rights."

The bank's motion to dismiss under section 2—615 of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—615) was granted without prejudice; the village's similar motion to dismiss was granted

with prejudice, and the court's order contained a finding pursuant to Supreme Court Rule 304(a). (103 Ill. 2d R. 304(a).) Plaintiff filed this timely *pro se* appeal.

No issue is raised as to the bank. Plaintiff's contention is that the court abused its discretion in not permitting him time to file a written response to the village's motion to dismiss.

■■■ At the outset, the village renews here its previously denied motion that this court strike plaintiff's brief due to its insufficiency and noncompliance with Supreme Court Rules 341, 342 and 344, and that the appeal then be dismissed. (87 Ill. 2d Rules 341, 342, 344.) The village's contentions as to this issue are correct: " '[r]eviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research as it were, upon the court.' (*In re Estate of Kunz* (1972), 7 Ill. App. 3d 760, 763, 288 N.E.2d 520.)" (*Thanopoulos v. Pickens* (1980), 87 Ill. App. 3d 906, 909.) Further, it is clear that reviewing courts are entitled to have briefs submitted in accordance with the Supreme Court Rules. (*In re Marriage of Souleles* (1982), 111 Ill. App. 3d 865.) Plaintiff's brief lacks any substantial conformity to the pertinent Supreme Court Rules, and justifiably, if not preferably, may be dismissed. (*Bank of Ravenswood v. Maiorella* (1982), 104 Ill. App. 3d 1072.) Plaintiff's brief lacks an appendix; the statement of facts is incomplete and contains only one record reference; with one exception, the cases listed in the "Points and Authorities" are not discussed in the argument; no report of proceedings or bystander's report in lieu thereof pursuant to Supreme Court Rule 323 is provided; rather plaintiff's affidavit concerning the proceedings is appended to his brief.

■■ ■ Compromising our entitlement to have briefs submitted that present an organized and cohesive legal argument in the face of such blatant nonconformity to the rules is antithetic to the orderly and expeditious administration of justice, a standard which this court unceasingly endeavors to maintain. Plaintiff's *pro se* status affords him no special dispensation from the mandated format. Although his right to appear *pro se* is well established, it is equally well established that when he does appear *pro se*, he must comply with the established rules of procedure. (*Biggs v. Spader* (1951), 411 Ill. 42, 46, *cert. denied* (1952), 343 U.S. 956, 96 L. Ed. 1356, 72 S. Ct. 1051.) Supreme Court Rule 341 governing the form and contents of briefs is not just an arbitrary exercise of the supreme court's supervisory powers; its end purpose is that a reviewing court may properly ascertain and dispose of the issues involved. *47th & State Currency Exchange, Inc. v.*

*B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 232.

■ This court's jurisdiction to entertain plaintiff's appeal, however, is unaffected by the insufficiency of his brief. Inasmuch as we understand the issue plaintiff intends to raise, and have the benefit of the village's cogent appellee's brief, we choose to dispose of this appeal on the merits. *Cf. Harvey v. Carponelli* (1983), 117 Ill. App. 3d 448, 451, *cert. denied* (1984), 466 U.S. 951, 80 L. Ed. 2d 539, 104 S. Ct. 2153 (where the court chose to entertain the *pro se* plaintiff's appeal despite its flagrant deficiencies, and violations of Supreme Court Rule 341).

■ Plaintiff's contention that he did not receive notice of the village's motion to dismiss and that he asked the court for time to reply or respond to the motion is not supported by the record. The common law record shows the village's motion was filed on March 6, 1984. The village's proof of service, completed in accordance with supreme Court Rule 12(b)(3), included a statement on oath that the motion and notice of motion were mailed on March 5, 1984. (87 Ill. 2d. R. 12(b)(3).) Supreme Court Rule 12(c) provides that service by mail is complete four days after mailing. (87 Ill. 2d R. 12(c).) Consequently, service on the plaintiff was complete on March 9, four days before the hearing date of March 13. Moreover, we note the notice was sent to the address, a post office box in Grayslake, which was most recently shown by the plaintiff on his own pleadings filed in the court. (*Cf. French v. French* (1963), 43 Ill. App. 2d 29 (where notice sent to defendant "c/o General Delivery" was found to have constituted a mailing to his business or residence address where it was defendant's last known mailing address). In *Bernier v. Schaefer* (1957), 11 Ill. 2d 525, 529, the court stated:

> "If the proper giving of the notice can now be frustrated by the mere allegation of the defendant that he did not receive it, then the giving of notice by mail cannot be relied upon even though the rules specify such a method."

See also *Crum v. Gulf Oil Corp.* (1973), 12 Ill. App. 3d 988, 990.

■ As noted above, no report of proceedings or bystander's report as provided for in Supreme Court Rule 323 has been provided this court. The affidavit appended to plaintiff's brief which purports to support his assertion that he told the court that he did not receive the notice and that he asked for time to respond is not properly before this court. (*Tomlen Group, Ltd. v. Goldfarb* (1981), 101 Ill. App. 3d 154, 157.) Even if such affidavit were properly before the court, plaintiff's mere assertion that he did not receive the notice is insufficient to overcome the validity of the village's proof of service filed in

the common law record. Moreover, we note the court's order specifically recited that "due notice" had been given.

In sum, we find the record does not support the contention the court abused its discretion in the manner alleged by the plaintiff.

■ We note the village's additional argument that even if the plaintiff had been granted time to respond, the facts already pleaded and admitted for purposes of the motions to dismiss show he could never allege a set of facts which would state a cause of action against the village.

Plaintiff's amended complaint failed to set forth any facts which would place him within the "special duty" exception to the specific blanket immunity afforded public entities under section 4—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 4—102). That section provides:

> "Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes and failure to apprehend criminals."

In *Galuszynski v. City of Chicago* (1985), 131 Ill. App. 3d 505, 506, the court stated:

> "It is well settled that the duty of the police is to preserve the well-being of the community at large, and that such duty is generally not owed to specific individuals. (*Huey v. Town of Cicero* (1968), 41 Ill. 2d 361, 363, 243 N.E.2d 214; *Santy v. Bresee* (1984), 129 Ill. App. 3d 658; *Curtis v. County of Cook* (1982), 109 Ill. App. 3d 400, 407, 440 N.E.2d 942; *Porter v. City of Urbana* (1980), 88 Ill. App. 3d 443, 445, 410 N.E.2d 610.)"

Circumstances may arise, however, whereby a municipality may be held liable, under the so-called "special duty" exception, for failure to provide adequate police protection or service.

> "The 'special duty' exception requires the following: (1) the municipality must be uniquely aware of the particular danger or risk to which plaintiff is exposed; (2) there must be allegations of specific acts or omissions on the part of the municipality; (3) the specific acts or omissions must be either affirmative or wilful in nature; and (4) the injury must occur while the plaintiff is under the direct and immediate control of employees or agents of the municipality. *Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 3d 172, 176." *Long v. Soderquist* (1984),

126 Ill. App. 3d 1059, 1065; see also *Fryman v. JMK/Skewer, Inc.* (1985), 137 Ill. App. 3d 611, 617.

Plaintiff's amended complaint utterly fails to establish these elements; it is particularly evident that plaintiff was not "under the direct and immediate control of employees or agents of the municipality." Further, even liberal construction of plaintiff's amended complaint does not allow the inference the police had any knowledge the repossession would be executed in a manner which arguably was a breach of the peace, contrary to the Uniform Commercial Code provisions governing repossession by secured parties (Ill. Rev. Stat. 1983, ch. 26, par. 9—503), and an actionable trespass. See *Meyers v. Ford Motor Credit Co.* (Tex. Civ. App. 1981), 619 S.W.2d 572.

Accordingly, we conclude the trial court did not err in dismissing the cause against the village with prejudice.

The judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*

HOPF and SCHNAKE, JJ., concur.