# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224

---

| | |
|---|---|
| Appellate Court Caption | U.S. BANK NATIONAL ASSOCIATION, as Trustee for Credit Suisse First Boston Heat 2005-5, Plaintiff-Appellee, v. JEAN J. PRABHAKARAN, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-1224 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | November 30, 2012<br><br>February 6, 2013<br>February 15, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Based on defendant's participation in plaintiff's foreclosure proceedings from their beginning, she was not entitled to use her petition under section 2-1401 of the Code of Civil Procedure as an alternative means of seeking relief after the confirmation of the judicial sale of her property, especially in view of the language of section 15-1509(c) of the Mortgage Foreclosure Law barring such relief. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-CH-21109; the Hon. John C. Griffin, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Barbosa Law Group, P.C., of Chicago (Raymond Barbosa, of counsel), for appellant. |
| | |
| | Locke Lord LLP, of Chicago (Hugh S. Balsam, Simon Fleischmann, and Ryan M. Holz, of counsel), for appellee. |
| | |
| Panel | JUSTICE REYES delivered the judgment of the court, with opinion.* Presiding Justice Lampkin and Justice Hall concurred in the judgment and opinion. |

## OPINION

¶ 1        In this mortgage foreclosure action, the defendant, Jean J. Prabhakaran, appeals the circuit court of Cook County's denial of her petition to vacate the foreclosure judgment and confirmation of sale pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2008)). The defendant alleges the confirmation of sale was void because the plaintiff, U.S. Bank, N.A. (U.S. Bank), as trustee for Credit Suisse First Boston Heat 2005-5 (Credit Suisse), accepted additional payments from the defendant after the judgment of foreclosure was entered. The defendant also asserts she presented a meritorious defense in her section 2-1401 petition. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 2                                    BACKGROUND

¶ 3        On August 8, 2007, America's Servicing Company (ASC) filed a complaint to foreclose a mortgage against the defendant pursuant to sections 15-1504(a)(1) through (a)(3) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1504(a)(1)-(a)(3) (West 2006)). ASC alleged, *inter alia*, that the defendant was in default of her residential mortgage loan in an amount of unpaid principal totaling $130,116.91. ASC brought the suit as the legal holder of the indebtedness and attached to the complaint a copy of the mortgage. The mortgage identified the defendant as the mortgagor, the CIT Group/Consumer Finance, Inc., as the lender, and Mortgage Electronic Registration Systems, Inc., as the mortgagee. The complaint later was amended to reflect that the correct plaintiff at the time of filing the lawsuit was U.S. Bank, as trustee for Credit Suisse.

¶ 4        A special process server from Provest, LLC, personally served the defendant with the foreclosure complaint on August 10, 2007, at the subject property, 1412 South 6th Avenue in Maywood, Illinois. The defendant, represented by counsel, answered the complaint and

_____

*Justice Rodolfo Garcia originally participated in the disposition of this case. Justice Garcia is no longer with the appellate court. Therefore, Justice Jesse Reyes will serve in his stead and has read the briefs and record and participated in the disposition of this case.

asserted she was not in default on the loan until U.S. Bank refused tender of her mortgage payments.

¶ 5    On January 18, 2008, U.S. Bank moved for summary judgment, asserting the defendant's answer failed to raise a genuine issue of material fact. In support of its motion, U.S. Bank submitted an affidavit of judgment detailing the default. The affiant, Jamie Padmore, averred that the defendant "failed to make payments in accordance with the Note sued on herein and the loan is due for the 03/01/2007 payment. Plaintiff elected to accelerate the indebtedness pursuant to the terms of the Mortgage and Note, and there is due and owing as of March 11, 2008," a total of $147,263.31.

¶ 6    The defendant responded to the summary judgment motion on May 28, 2008, asserting "ongoing mortgage payments were made by the Defendant to the Plaintiff and/or Plaintiff's assigns on an ongoing basis to and including February 2008." The defendant contended the plaintiff failed to account for those payments and instead applied them to the defendant's account "in an escrow deficiency." The defendant responded that "copies of all remittances and verification of payments made to the Cook County Assessor" were attached in an exhibit. Five money orders and four checks with payments made to ASC between January 2007 and December 2007 were attached as unverified exhibits.

¶ 7    On June 4, 2008, U.S. Bank replied in support of its summary judgment motion, contending the defendant's response was not supported by affidavit. U.S. Bank argued the defendant's failure to include an affidavit in her response required the circuit court to admit the factual matters asserted in the plaintiff's affidavit and, thus, no genuine issue of fact remained as to the defendant's default.

¶ 8    The circuit court granted U.S. Bank's summary judgment motion on June 10, 2008. The court also entered a judgment of foreclosure on the same date. The defendant did not appeal these findings.

¶ 9    The property was subsequently sold to U.S. Bank on December 23, 2009 by judicial sale. On January 5, 2010, the circuit court confirmed the sale and entered an *in rem* deficiency judgment of $100,479.39. The defendant did not appeal the court's order confirming the sale. The judicially appointed selling officer executed a judicial sale deed to U.S. Bank on January 19, 2010.

¶ 10    On March 15, 2010, the defendant filed a *pro se* motion to stay possession, asserting "modification agreement in play since Oct. 20, 2009 making new instalament [*sic*] payments $1,300.14 per agreement. First payment due and paid Jan. 1, 10." The defendant attached to her motion an October 20, 2009 correspondence from ASC notifying the defendant of "upcoming changes to your adjustable rate mortgage loan interest rate and payment. The interest rate change date for your loan is December 01, 2009, with a new payment effective date of January 01, 2010." The correspondence indicated the "new total payment (including escrow, if applicable) due on January 01, 2010 is $1,300.14." Also attached to the defendant's motion was a March 4, 2010 correspondence from ASC indicating that it was refunding the $1,300.14 payment made by the defendant "because they do not represent the total amount due on your account."

¶ 11    The defendant appeared in court on March 15, 2010 and claimed she was not given

notice of the foreclosure proceedings. The circuit court stayed possession until April 30, 2010.

¶ 12    In response to the defendant's motion to stay possession, U.S. Bank submitted to the court proof of service of process upon the defendant, the appearance of defense counsel (who had not withdrawn from the case), plaintiff's notice of motion for judgment to defense counsel, the response defense counsel filed on the defendant's behalf, the plaintiff's notice of sale, and notice of motion for order approving sale. U.S. Bank also attached an affidavit averring that the defendant did not have a loan modification agreement with the plaintiff in October 2009 or at any point thereafter. According to the affiant, Elizabeth Mathis, vice-president of loan documentation for Wells Fargo Home Mortgage (Wells Fargo), U.S. Bank "was reviewing the loan for a possible workout plan in September 2009. This was the last attempt the defendant made to contact the Plaintiff and try any workout options. Any and all payments made after September 2009 when the defendant was denied a workout plan due to not providing required information were returned."

¶ 13    On April 27, 2010, new counsel appeared for the defendant. The circuit court stayed possession for the defendant for an additional 21 days on April 30, 2010.

¶ 14    On May 20, 2010, the defendant filed a petition to vacate judgment pursuant to section 2-1401. The defendant contended the circuit court's summary judgment order was invalid and void "because after the entering of the judgment, [U.S. Bank] continued to accepted [*sic*] mortgage payments from [the defendant] until September 2009." The defendant argued that U.S. Bank was unjustly enriched at the expense of the defendant. "Failure to set aside this default judgment will amount to a miscarriage of justice, unconscionable and a double windfall to [U.S. Bank] from June 2009 through September 2009." The petition did not include any proof of payment by the defendant to U.S. Bank from June 2009 through September 2009. The only payments attached to the petition were made by the defendant to Wells Fargo/ASC beginning on October 31, 2009 and ending on May 1, 2010. The defendant asserted U.S. Bank "should be estopped from asserting any further rights under the terms of the judgment entered on June 8, 2008." The defendant claimed a "good and meritorious defense to [U.S. Bank's] cause of action and diligent in promptly thereafter presenting this petition to the Court." The defendant also attached to her petition an affidavit reiterating U.S. Bank was unjustly enriched, the summary judgment entered was without any fault or negligence of the defendant, and the defendant has a valid defense to U.S. Bank's foreclosure action.

¶ 15    In response to the defendant's section 2-1401 petition, U.S. Bank claimed the defendant "can no longer attack judgment in this case because the judicial deed has been delivered to the successful bidder and as a result, any claim by her is barred" as a matter of law pursuant to section 15-1509(c) of the Foreclosure Law. U.S. Bank also argued that section 2-1401 does not apply because the Foreclosure Law provides the exclusive procedure for foreclosure of mortgages in Illinois. According to U.S. Bank, "The Code of Civil Procedure also governs, but where any Article of the Code of Civil Procedure is inconsistent with the [Foreclosure Law], the [Foreclosure Law] prevails," citing section 15-1107(a), which provides "any other Article of the Code of Civil Procedure shall apply unless inconsistent with this Article and, in case of such inconsistency, shall not be applicable to actions under

-4-

this Article." 735 ILCS 5/15-1107(a) (West 2008). U.S. Bank argued that the defendant not only failed to establish that acceptance of postjudgment payments was wrongful or unjust, but also failed to establish that such acceptance provided a basis to invalidate an otherwise proper foreclosure. U.S. Bank further asserted the defendant's affidavit was entirely conclusory and did not attest to any of the facts set forth in her petition.

¶ 16   The defendant replied U.S. Bank failed to disclose to the circuit court that the successful bidder of the property was U.S. Bank. According to the defendant, U.S. Bank "continues to accept mortgage payments by Defendant knowing full well that it no longer owns the property. Suffice it to say that Plaintiff has committed fraud on Defendant by accepting payments on the property it no longer owns." The defendant claims she sent U.S. Bank a total of $12,000, but was returned only $1,300 of that money. The defendant argued, "In the interest of justice, fairness and equity, Plaintiff's judgment on foreclosure should be vacated and set aside."

¶ 17   On March 25, 2011, the circuit court heard argument on the defendant's section 2-1401 petition. The court denied the defendant's petition, from which the defendant timely appeals.

¶ 18                                                    ANALYSIS

¶ 19   The defendant argues that the circuit court erred by denying her section 2-1401 petition because "the judgment of foreclosure did not contain S. Ct. Rule 304(a) language and was not final and appealable until after the approval of the judicial sale." The defendant also challenges the court's summary judgment ruling. She contends her answer to the foreclosure complaint raised a genuine issue of material fact as to whether a default occurred under the mortgage. The defendant claims the money orders and checks included in the record were sufficient to defeat summary judgment. The defendant additionally avers that her section 2-1401 petition is not barred by the Foreclosure Law and presents a meritorious defense.

¶ 20   U.S. Bank responds that the defendant's section 2-1401 petition was properly denied for a number of reasons. U.S. Bank initially notes that the defendant chose not to appeal the order granting summary judgment, the foreclosure judgment, or the order confirming sale. Four months after the confirmation of sale and the selling officer's issuance of the judicial deed to U.S. Bank, the defendant filed her section 2-1401 petition, now alleging that the foreclosure was void on grounds of unjust enrichment, waiver, and estoppel because U.S. Bank accepted postjudgment payments from her. U.S. Bank asserts the defendant abandoned her unjust enrichment argument here, but is now attempting to revive a previous argument that she was not in default at the time of foreclosure. U.S. Bank argues that the issue of whether the defendant was in default at the time of foreclosure should be forfeited because she failed to raise it in her section 2-1401 petition and raises it on appeal for the first time. In addition to forfeiture, U.S. Bank contends the defendant's section 2-1401 petition is barred as a matter of law under section 15-1509(c) of the Foreclosure Law. Finally, U.S. Bank asserts the defendant has failed to establish the requirements of a meritorious section 2-1401 petition.

¶ 21   The defendant misstates the procedural posture of this case by arguing the judgment of foreclosure did not contain Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010)) language

and, therefore, was not a final judgment for purposes of appeal. A mortgage foreclosure judgment is not final and appealable until the circuit court enters an order approving the sale and directing the distribution of the property. See *In re Marriage of Verdung*, 126 Ill. 2d 542, 555-56 (1989). In this case, the circuit court entered an order confirming sale on January 5, 2010 and the deed on the property was executed in favor of U.S. Bank on January 19, 2010. Accordingly, the order confirming sale rendered this case final and appealable.

¶ 22 Section 2-1401 petitions provide relief from final orders and judgments after 30 days from entry thereof. 735 ILCS 5/2-1401 (West 2008). The defendant filed her section 2-1401 petition well after 30 days from the order confirming sale and distribution of the property. A petitioner is entitled to relief under section 2-1401 if the petition sets forth specific factual allegations supporting each of the following elements: "(1) the existence of a meritorious defense or claim; (2) due diligence in presenting the defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." *Fiala v. Schulenberg*, 256 Ill. App. 3d 922, 929 (1993).

¶ 23 Our supreme court has held that, when a circuit court denies a section 2-1401 petition, the standard of review to be applied is *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 14 (2007). We also review the relevant sections of the Foreclosure Law applicable to the disposition of this case. "The cardinal rule of interpreting statutes, to which all other canons and rules are subordinate, is to ascertain and give effect to the intent of the legislature." *McNamee v. Federated Equipment & Supply Co.*, 181 Ill. 2d 415, 423 (1998). "The plain language of a statute provides the most reliable indicator of legislative intent, and courts will not depart from that language by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent. Statutory construction is a question of law that this court reviews *de novo*." *County of Cook v. Illinois Fraternal Order of Police Labor Council*, 358 Ill. App. 3d 667, 673 (2005).

¶ 24 The defendant's initial argument that the circuit court erred by granting summary judgment in favor of U.S. Bank because a genuine issue of fact existed as to whether a default occurred is raised for the first time on appeal. The defendant chose not to appeal the court's summary judgment ruling. The defendant's section 2-1401 petition and her reply to U.S. Bank's response make no mention of the issue of whether a default occurred prior to the entry of the foreclosure judgment. Arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal. *Village of Roselle v. Commonwealth Edison Co.*, 368 Ill. App. 3d 1097, 1109 (2006). Accordingly, the defendant has forfeited her argument on this issue.

¶ 25 We next turn to the defendant's assertion that her section 2-1401 petition is not barred by section 15-1509(a) of the Foreclosure Law. Section 15-1509(a) provides:

"After (i) confirmation of the sale, and (ii) payment of the purchase price and any other amounts required to be paid by the purchaser at sale, the court (or, if the court shall so order, the person who conducted the sale or such person's successor or some persons specifically appointed by the court for that purpose), shall upon the request of the holder of the certificate of sale *** promptly execute a deed to the holder or purchaser sufficient to convey title. Such deed shall identify the court and the caption of the case in which

judgment was entered authorizing issuance of the deed. \*\*\* If the deed issues to a grantee prior to the expiration of the period for appealing the confirmation of sale, and the grantee conveys title to another party within that period, that other party will not be deemed a bona fide purchaser unless and until such period expires without an appeal having been filed or, an appeal having been filed, such appeal is denied or withdrawn." 735 ILCS 5/15-1509(a) (West 2008).

The defendant argues "an appeal of a foreclosure action is anticipated by 15-1509(a) and a 2-1401 Petition provides the procedure to request the trial court to review its final judgment in the case."

¶ 26 U.S. Bank responds that section 15-1509(c) of the Foreclosure Law barred the defendant's section 2-1401 petition as a matter of law because the selling officer had already delivered a deed to U.S. Bank following the circuit court's order confirming the sale of the property. According to U.S. Bank, "Reading section 15-1509(a) with section 15-1509(c), it is reasonable to conclude that the issuance of the deed *before* the time to appeal has expired would not bar a mortgagor from appealing the confirmation of sale." (Emphasis in original.) Section 15-1509(c) states, "Any vesting of title by \*\*\* deed pursuant to subsection (b) of Section 15-1509, unless otherwise specified in the judgment of foreclosure, shall be an entire bar of (i) all claims of parties to the foreclosure \*\*\*." 735 ILCS 5/15-1509(c) (West 2008). "Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto." 735 ILCS 5/15-1509(b) (West 2008). U.S. Bank argues applying section 2-1401 petitions to the appeal provision in section 15-1509(a) of the Foreclosure Law would "nullify section 15-1509(c) and leave purchasers at foreclosure sales without repose and forever at risk of section 2-1401 attacks."

¶ 27 A close reading of the plain and simple language of section 15-1509(a) does not contemplate the relief the defendant seeks. The defendant misinterpreted section 15-1509(a) and only directs the court's attention to the section of the statute that involves the appeal of the confirmation of sale. Notably, in order for that portion of the clause to apply, the grantee (in this case, U.S. Bank), must attempt to convey title to another party before expiration of the period for appealing the confirmation of sale, which did not occur here. See 735 ILCS 5/15-1509(a) (West 2008) ("If the deed issues to a grantee prior to the expiration of the period for appealing the confirmation of sale, *and the grantee conveys title to another party within that period*, that other party will not be deemed a bona fide purchaser unless and until such period expires without an appeal having been filed or, an appeal having been filed, such appeal is denied or withdrawn." (Emphasis added.)).

¶ 28 In any event, the defendant did not file an appeal challenging the January 5, 2010 confirmation of sale within the 30-day period required by Illinois Supreme Court Rule 303(a)(1). Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008) ("The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from \*\*\*."). A section 2-1401 petition is not a timely appeal; it is a new action in the circuit court that seeks vacation of a final judgment. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002) ("The filing of a section 2-1401 petition is considered a new proceeding, not a continuation of the old one.").

¶ 29 The defendant did not provide this court with any persuasive authority suggesting that we can apply section 2-1401 petitions to the relevant portions of section 15-1509(a) of the Foreclosure Law. This court has dealt with the issue in a similar context involving motions for default judgment under Code section 2-1301(e) (735 ILCS 5/2-1301(e) (West 2008)), which provides that the circuit court may, in its discretion, before final order or judgment, set aside any default and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable. In *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 2 (2010), the defendant appealed the circuit court's denial of her petition to vacate the foreclosure judgment and confirmation of sale. " 'The Foreclosure Law governs the mode of procedure for mortgage foreclosures in Illinois [citation] and 'any inconsistent statutory provisions shall not be applicable [citation].' " *Id*. at 4 (quoting 735 ILCS 5/15-1107(a) (West 2008)). Section 15-1508(b) of the Foreclosure Law provides that, after the foreclosure judgment and judicial sale, the circuit court shall confirm the sale unless the court finds that (i) a required notice was not given, (ii) the terms of the sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done. 735 ILCS 5/15-1508(b) (West 2008). The *Barnes* court recognized that section 15-1508(b) of the Foreclosure Law was more restrictive and, thus, inconsistent with section 2-1301(e) because it limits the circuit court's discretion to refuse confirmation of the sale to the four statutory grounds. The *Barnes* court denied the defendant relief under section 2-1301(e), reasoning:

> "If section 15-1508(b) of the Foreclosure Law did not prevail over section 2-1301(e) of the Code, then the latter would eviscerate the former because parties could thwart section 15-1508(b) by filing petitions to vacate nonfinal judgments even after foreclosure sales have been held. Such a practice would undermine the sales process because bidders would have no confidence that sales would be confirmed. Therefore, defendant could not utilize section 2-1301(e) of the Code to circumvent section 15-1508(b) of the Foreclosure Law after [the plaintiff] filed its motion to approve the sale." *Barnes*, 406 Ill. App. 3d at 5.

¶ 30 From a procedural posture alone, the instant case presents a more compelling example of an attempt to circumvent the Foreclosure Law because here, the judicial sale was completed and confirmed by the circuit court on January 5, 2010. The defendant did not challenge the confirmation of the sale within the 30-day period to appeal. There is simply no Illinois authority to support the defendant's argument that she can utilize section 2-1401 to circumvent section 15-1509(a) or section 15-1509(c) of the Foreclosure Law after the circuit court confirmed the sale of the property. If there is no relief available to the defendant under section 2-1301(e), it follows logically that there can be no relief under section 2-1401. It is undisputed that the defendant was a party to the foreclosure from its inception and cannot rely upon section 2-1401 as an alternative remedy once the circuit court confirmed the sale of the property. The clear and unambiguous language of section 15-1509(c) of the Foreclosure Law bars the defendant's claims in her section 2-1401 petition and is dispositive. 735 ILCS 5/15-1509(c) (West 2008) ("Any vesting of title by *** deed pursuant to subsection (b) of Section 15-1509, unless otherwise specified in the judgment of foreclosure, shall be an entire bar of (i) all claims of parties to the foreclosure ***."). We need not reach

the issue of whether her section 2-1401 petition raises a meritorious defense.

¶ 31                                CONCLUSION

¶ 32        Based on the foregoing, the decision of the circuit court of Cook County to deny the defendant's section 2-1401 petition is affirmed. Section 15-1509(c) of the Foreclosure Law bars the defendant's claims in her section 2-1401 petition.

¶ 33        Affirmed.