NOTICE

Decision filed 05/02/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220799-U

NO. 4-22-0799

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| DANIEL WRIGHT, CLARK JOHNSON, and HAYLEY BOTTS, | ) ) ) | Appeal from the Circuit Court of Sangamon County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 22-MR-229 |
| DERICK L. TURNER, | ) ) | Honorable Scott Kording, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1     *Held*: Appellant's opening brief is stricken and his appeal is dismissed where the opening brief is deficient for its failure to comply with the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) and the failure prevents review of the appellant's claims of error.

¶ 2     Defendant, Derick Turner, appeals from an order granting a default judgment in favor of the plaintiffs, Daniel Wright, Clark Johnson, and Hayley Botts, in an action for declaratory and injunctive relief.[1] At the time the complaint was filed, Wright was the Sangamon County State's Attorney, and Johnson and Botts were assistant state's attorneys. Defendant Turner entered his

---

[1]This action was originally filed in Sangamon County, and the appeal was filed in the Fourth District Appellate Court. Pursuant to its supervisory authority over courts, the Illinois Supreme Court entered an order on February 6, 2023, transferring the appeal from the Fourth District to the Fifth District Appellate Court for consideration and final disposition of the appeal.

1

appearance and filed a motion to dismiss. Requests to admit were filed by plaintiffs, to which Turner objected. On July 29, 2022, Turner failed to appear in the circuit court for a status conference. The circuit court continued the status conference and set all pending motions for hearing on August 26, 2022. Turner was ordered to appear or risk the entry of a default judgment against him.

¶ 3    On August 26, 2022, Turner failed to appear in the circuit court for the scheduled hearing on all pending motions. On that date, the circuit court granted the plaintiffs' motion for summary judgment and motion for default judgment against Turner. The circuit court also denied Turner's motion to dismiss the plaintiffs' complaint. Turner did not file a motion to vacate the default judgment. On September 6, 2022, Turner filed the present *pro se* appeal, challenging the entry of the default judgment against him. For the reasons that follow, we now dismiss this appeal.

¶ 4    Initially, we consider the plaintiffs' request that this court strike Turner's brief for its failure to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). Upon review of Turner's opening brief, we have determined that Turner failed to comply with Illinois Supreme Court Rule 341 in multiple respects, and that the deficiencies in Turner's brief prevent proper consideration of the issues raised in this appeal.

¶ 5    Preliminarily, we note that Turner is representing himself. A *pro se* litigant, however, is not relieved of following the procedural rules of the court. *Tannenbaum v. Lincoln National Bank*, 143 Ill. App. 3d 572, 574 (1986). "Although his right to appear *pro se* is well established, it is equally well established that when he does appear *pro se*, he must comply with the established rules of procedure." *Tannenbaum*, 143 Ill. App. 3d at 574. Similarly, a *pro se* litigant, such as Turner, is not entitled to more lenient treatment than attorneys. In Illinois, parties choosing to

represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78.

¶ 6    Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) sets forth the required form and contents for an appellant's brief. Compliance with this rule is mandatory, as its end purpose is that the reviewing court may ascertain and dispose of the issues raised. *Tannenbaum*, 143 Ill. App. 3d at 574. Turner's status as a *pro se* litigant does not excuse him from complying with the rules of appellate practice. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. A reviewing court may, in its discretion, dismiss an appeal where the appellant's brief fails to comply with the applicable rules of appellate procedure. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12.

¶ 7    Here, Turner's opening brief violates several of the requirements of Rule 341(h). Contrary to the requirements of Rule 341(h)(1), Turner's brief does not include a table of contents. In addition, the "Points and Authorities" section does not contain references to the pages of the brief for which each heading and each authority appear. See Ill. S. Ct. R. 341(h)(1) (eff. Oct. 1, 2020).

¶ 8    Rule 341(h)(6) requires the appellant to include a cogent statement of the facts necessary to an understanding of the case, without argument and with appropriate references to the record on appeal. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Here, Turner's "Statement of Facts" is a rambling dissertation that refers to unspecified lawsuits involving Turner and the plaintiffs. Further, the facts recited in Turner's Statement of Facts are not supported by references to pages in the record on appeal. In fact, Turner's brief contains no page references to the record on appeal in violation of Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020).

¶ 9    Rule 341(h)(7) requires the appellant to present reasoned argument, and citation to legal authority and specific portions of the record in support of the claims of error. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Turner's argument section claims there were "blatant violations" of Illinois

Supreme Court Rules, without references to what those rules were or how they were relevant to the proceedings in the trial court. The argument section is rambling and noncohesive. The contentions of error are not well-developed or coherent. There is no citation to specific portions of the record from which this court can conduct a meaningful review. "Mere contentions, without argument or citation of authority, do not merit consideration on appeal." (Internal quotation marks omitted.) *Progressive Universal Insurance Co. of Illinois v. Taylor*, 375 Ill. App. 3d 495, 501-02 (2007). An appellant's failure to elaborate on an argument, cite persuasive authority, or present a well-reasoned argument violates Rule 341(h)(7) and results in waiver of that argument. *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009).

¶ 10     In sum, Turner's opening brief does not comply with Rule 341(h). It does not present a coherent, reasoned argument, with citations to the record, in violation of the applicable rules of appellate procedure. Appellate courts are entitled to have the issues clearly defined, with citation to pertinent authorities. This court "is not a repository into which an appellant may foist the burden of argument and research." (Internal quotation marks omitted.) *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297 (2010). Accordingly, we exercise our discretion to strike Turner's brief and dismiss his appeal. *McCann*, 2015 IL App (1st) 141291, ¶ 20. Finally, in the exercise of our discretion, we decline the plaintiff's request for sanctions against Turner under Illinois Supreme Court Rule 375(a) (eff. Feb. 1, 1994).


¶ 11     Appeal dismissed.