2025 IL App (1st) 242515-U
Order filed: October 15, 2025

FIRST DISTRICT
THIRD DIVISION

No. 1-24-2515

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| HEPLERBROOM, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | 2023 M1 119102 |
| | ) | |
| DR. GARY XIE, an individual, a/k/a Guang Xie, and | ) | Honorable |
| SCHAUMBURG INTEGRATED MEDICINE, LTD., | ) | Martin Moltz, |
| | ) | Judge, presiding. |
| Defendants | ) | |
| | ) | |
| (Dr. Gary Xie, an individual, a/k/a Guang Xie, | ) | |
| | ) | |
| Defendant-Appellant). | ) | |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Martin and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Judgment entered in favor of plaintiff is affirmed, where defendant's challenges either fail on the merits or have been forfeited by his failure to raise them in the circuit court and by failing to comply with Illinois Supreme Court Rule 341.

¶ 2    Defendant-appellant, Dr. Gary Xie, an individual, a/k/a Guang Xie, appeals from a judgment entered against him and in favor of plaintiff-appellee, HeplerBroom, LLC (HB). For the following reasons, we affirm the judgment of the circuit court.

¶ 3    On August 30, 2023, HB filed a verified complaint against Xie and defendant Schaumburg

Integrated Medicine, Ltd. (Schaumburg), in the circuit court seeking to recover unpaid attorneys' fees for its representation of defendants in a separate medical malpractice suit. The complaint generally asserted that, after paying a $3,000 retainer, defendants never paid any of the $21,350 in additional fees billed by HB for its representation of defendants between January of 2020, and March of 2021, when the malpractice suit was settled and dismissed. The verified complaint asserted claims for breach of contract and account stated.

¶ 4    Xie and Schaumburg were served on January 18, 2024. Xie entered his appearance on April 1, 2024. On April 18, 2024, the court had a status hearing. Earlier the same morning, Xie – proceeding *pro se*—filed "affirmative defenses" on behalf of both defendants, but no answer. The court ordered Xie and Schaumburg to answer or otherwise plead by May 9, 2024. That date came and went without defendants making any additional filings.

¶ 5    On May 14, 2024, HB moved to strike defendants' April 18, 2024, filing, pointing out that Xie, who was not a licensed attorney, could not represent Schaumburg, and that the purported answer was procedurally deficient. HB also filed a motion to default Schaumburg. The motions were set for a hearing on May 28, 2024.

¶ 6    On May 24, 2024, Xie sought a continuance based on "an emergency situation that require[d] [him] to be out of town for the next few days." The court continued the hearing first to June 20, 2024, and then to June 26, 2024.

¶ 7    On June 26, 2024, the court issued an order striking Xie's purported answer and continuing the hearing on HB's motion to default Schaumburg. In the same order, the court directed both defendants to file "appropriate appearances" by July 17, 2024, and to answer HB's verified complaint by August 14, 2024. The deadline of July 17, 2024, came and went without an attorney appearing on Schaumburg's behalf. On August 14, 2024, Xie filed his amended answer and

affirmative defenses, but his answer to the verified complaint was not itself verified.

¶ 8     In September of 2024, HB renewed its motion to default Schaumburg for a failure to appear. HB also moved to strike Xie's amended answer for the continuing non-compliance with pleading requirements. First, HB asserted that Xie's answer was unverified. Second, HB noted that Xie claimed the lack of knowledge to most allegations but failed to support his answer with an affidavit. (See 735 ILCS 5/2-610(b) (West 2024)). Third, HB argued that the remainder of Xie's answers were evasive, and his affirmative defenses consisted of nothing but conclusions of fact and law. As such, they were legally deficient. Both motions were set for presentment on October 10, 2024.

¶ 9     On October 3, 2024, Xie sought a continuance, stating that, for the next month, he would be overseas, attending to a family matter in China. The record does not reflect that Xie presented his motion to the circuit court or that he secured the court's ruling on it.

¶ 10     On October 10, 2024, the court continued the hearing on HB's motions for default to October 17, 2024. On October 17, 2024, the court held Schaumburg in default, struck Xie's amended answer and affirmative defenses, and deemed allegations in HB's verified complaint admitted. The court also set the matter for a prove-up on November 14, 2024. The record on appeal does not contain either a transcript or a bystander's report of this hearing.

¶ 11     On November 14, 2024, Xie and HB appeared for a prove-up. The record on appeal does not contain either a transcript or a bystander's report of the prove-up hearing. The court issued an order stating that HB "tendered courtesy copies of documents for prove-up in court," and that the matter was continued to November 22, 2024.

¶ 12     At 11:19 p.m. on November 21, 2024, Xie filed a motion asking the court to reconsider its decision striking his amended answer and affirmative defenses. On November 22, 2024, the court

entered a judgment in HB's favor and against both defendants for $21,860.52, which included $21,350 in outstanding legal fees and $510.52 in litigation costs. The order does not reflect that the court ruled on Xie's motion to reconsider.

¶ 13    Following the entry of the judgment, Xie filed a notice of appeal on December 17, 2024. On September 10, 2025, HB filed a motion to strike or disregard portions of Xie's reply brief. On September 15, 2025, this court entered an order taking this motion with the case.

¶ 14    As an initial matter, we note that the notice of appeal filed by Xie in this matter was filed only on behalf of Xie. Xie, as a lay person, is free to represent himself in this appeal. However, a "corporation must be represented by counsel in legal proceedings." *Downtown Disposal Services, Inc. v. City of Chicago*, 2012 IL 112040, ¶ 17. Because an attorney representing Schaumburg has never filed an appearance in this matter, either below or on appeal, and no attorney representing Schaumburg filed a notice of appeal from the default judgment entered against it, the judgment entered against Schaumburg is not on review before this court. Thus, we only review the judgment entered against Xie.

¶ 15    On appeal, Xie first asserts that the circuit court denied him due process by failing to grant him a continuance, as requested in his October 3, 2024, motion, and by proceeding to strike Xie's amended answer and affirmative defenses and deem the allegations in HB's verified complaint admitted in Xie's absence at the October 17, 2024, hearing. We reject this argument for two reasons.

¶ 16    First, it is axiomatic that "[a]rguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal." *U.S. Bank National Ass'n. v. Prabhakaran*, 2013 IL App (1st) 111224, ¶ 24; *Parks v. Kownacki*, 193 Ill. 2d 164, 180 (2000) (same). Relatedly, where a party raises an issue in the circuit court by way of a motion, that party "has the responsibility to

obtain a ruling on his motion if he is to avoid forfeiture on appeal." *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 41. Additionally, a "subsequently filed notice of appeal following the failure by a litigant to obtain a ruling on a motion serves as an abandonment of the previously filed motion." *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433 (2007). Here, Xie raised this due process argument below in the motion to reconsider that he filed on November 21, 2024. However, the record does not reflect that Xie obtained a ruling on that motion before filing his notice of appeal. Xie's "failure to obtain a ruling from the trial court on his motion *** prior to filing his notice of appeal resulted in his abandonment of the motion and created a procedural default of any issue related to that motion for the purpose of appeal." *Id.*

¶ 17    Second, even if we were to overlook Xie's forfeiture of this argument, we note that a "long line of cases has held that the denial of a motion for a continuance presents no due-process issue." *In re S.B.*, 2015 IL App (4th) 150260, ¶ 21 (collecting cases); *Benton v. Marr*, 364 Ill. 628, 630 (1936) ("The sole question relating to the denial of [a] motion for a continuance is whether or not the trial court erred in its exercise of judicial discretion. Due process is in no wise involved."). Xie's due process argument must fail under this authority.

¶ 18    We next address Xie's contention that the circuit court abused its discretion by striking his answer and affirmative defenses on "technical grounds"—*i.e.*, for his failure to verify the answer (see 735 ILCS 5/2-605 (West 2024)), and his failure to support his contention he lacked knowledge to admit or deny certain allegations with an affidavit (see 735 ILCS 5/2-610(b) (West 2024)), and by failing to grant him leave to amend his pleadings to cure any technical defects. We reject this argument for two reasons.

¶ 19    Initially, as the appellant, Xie "has the burden of presenting a sufficiently complete record of the proceedings *** to support a claim of error." *Midstate Siding & Window Co. v. Rogers*, 204

Ill. 2d 314, 319 (2003), citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of a complete record, a reviewing court presumes that the order entered by the circuit court was in conformity with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. "In fact, when the record on appeal is incomplete, a reviewing court should actually 'indulge in every reasonable presumption favorable to the judgment from which the appeal is taken, including that the [circuit] court ruled or acted correctly.' " *Smolinski v. Vojta*, 363 Ill. App. 3d 752, 757-58 (2006), quoting *People v. Majer*, 131 Ill. App. 3d 80, 84 (1985). Here, the record on appeal contains no report of proceedings or bystander's reports for *any* of the hearings before the circuit court. We are simply unable to adequately evaluate the circuit court's exercise of discretion in striking Xie's answer and affirmative defenses on such a record, and we must therefore presume the circuit court's actions were in conformity with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392.

¶ 20     In addition, we note that to support this argument on appeal Xie primarily relies upon the purported leniency that should be afforded *pro se* litigants such as himself. This argument is unavailing. A *pro se* litigant is not relieved of following the procedural rules of the court. *Tannenbaum v. Lincoln National Bank*, 143 Ill. App. 3d 572, 574 (1986). "Although his right to appear *pro se* is well established, it is equally well established that when he does appear *pro se*, he must comply with the established rules of procedure." *Id.*, 143 Ill. App. 3d at 574. Similarly, a *pro se* litigant is not entitled to more lenient treatment than attorneys. In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. As such, Xie's reliance upon his *pro se* status is not a sufficient reason to overlook the pleading requirements to which he himself acknowledges he failed to comply.

¶ 21     As to Xie's contention that the circuit court improperly failed to grant him leave to amend

his pleadings, there is simply nothing in the record to reflect that any such request was ever made below. Again, "[a]rguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal." *Prabhakaran*, 2013 IL App (1st) 111224, ¶ 24.

¶ 22 Xie's final argument on appeal is that his answer and affirmative defenses presented meritorious defenses to HB's claims, and that the circuit court erred by failing to address them on the merits before entering judgment in favor of HB. We reject this contention as well.

¶ 23 In making this argument in his opening brief, Xie fails to support it with even a single citation to any authority. It was only after that very failure was noted in HB's response brief that Xie made an initial effort to support his contentions in his reply brief. Even then, his reply brief contains no citation to authority specifically supporting his contention that the circuit court erred by failing to consider the merits of the arguments contained in the stricken answer and affirmative defenses.

¶ 24 Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) provides that the appellant's brief shall include an argument containing the appellant's contentions, the reasons therefor, citation of the authorities, and the pages of the record relied on. The procedural rules governing the content and form of appellate briefs are mandatory and not suggestions. *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 11. Further, *pro se* litigants are not excused from following these rules. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5.

¶ 25 " 'A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research [citation]; it is neither the function nor the obligation of this court to act as an advocate or search the record for error.' " *People v. Universal Public Transportation, Inc.*, 2012 IL App (1st) 073303–B, ¶ 50 (quoting *Obert v. Saville*, 253 Ill. App.

3d 677, 682 (1993)). "An issue not clearly defined and sufficiently presented fails to satisfy the requirements of Supreme Court Rule 341(h)(7)" and is, therefore, forfeited. *In re Detention of Lieberman*, 379 Ill. App. 3d 585, 610 (2007); Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) (Points not argued in opening appellate brief "are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). We therefore refuse to further consider this argument on appeal.

¶ 26    Finally, we again note that HB filed a motion to strike or disregard portions of Xie's reply brief, and this court previously entered an order taking this motion with the case. We have largely addressed the deficiencies of Xie's briefs in our discussion above. To the extent that HB's motion identified additional deficiencies in Xie's reply brief, we need not further consider HB's motion to strike as our decision to affirm the circuit court's judgment renders any additional consideration of this issue moot. *In re Tekela*, 202 Ill. 2d 282, 292-93 (2002) (when an "intervening event occurs making it impossible for a reviewing court to grant relief to any party, the case is rendered moot because a ruling on the issue cannot have any practical effect on the controversy").

¶ 27    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 28    Affirmed.