COSMOPOLITAN NATIONAL BANK OF CHICAGO, as Trustee, Plaintiff-Appellee, v. MARICELLA T. NUNEZ, Defendant-Appellant.

First District (4th Division)   No. 1—93—1838

Opinion filed August 25, 1994.

Hooks & Saavedra, of Chicago (Carlos A. Saavedra, of counsel), for appellant.

Egan & Trapp, of Chicago (Robert A. Egan and Susan O'Keefe, of counsel), for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The defendant, Maricella T. Nunez, appeals from a judgment of possession of property entered in favor of the plaintiff, the Cosmopolitan National Bank of Chicago, as trustee under trust number 28266. We consider whether the appeal is moot because the plaintiff conveyed the property to a third party while the appeal was pending. For the following reasons, we dismiss the appeal.

Under an agreement for a trustee's deed dated June 8, 1990, the plaintiff, as the title holder of commercial property located at 2142-46 West Chicago, in Chicago, Illinois, agreed to sell the property to the defendant for $12,767.36. The defendant agreed to pay Gail Perez, as beneficiary of the trust, in monthly installments with a balloon payment due on July 13, 1995. The defendant was required to maintain fire insurance on the property and comply with all municipal ordinances. The agreement also provided that if the purchaser failed to make the payments or otherwise failed to perform:

"[the] contract shall, at the option of the beneficiaries of said trust, or the title holder, be forfeited and determined, and the purchaser shall forfeit all payments made hereunder, and such payments shall be retained by the beneficiaries of said trust, in full satisfaction and as liquidated damages by the beneficiaries of said trust sustained, and in such event the beneficiaries of said trust shall have the right to re-enter and take possession of the premises."

All required notices and demands under the agreement had to be in writing and sent by registered mail to the defendant at 2139 West Chicago Avenue.

On November 5, 1992, the plaintiff sent the defendant and her father a letter by certified and regular mail to 2146 West Chicago. The receipt was signed by the defendant's father, but was not signed by the defendant. The letter stated that it was a "notice of default and intent to foreclose" and that the plaintiff was in default under the agreement for failing to make payments, pay real estate taxes, provide fire or liability insurance, and correct building code violations. The letter stated that $13,704.76 was due in full within 10 days and that the building code violations had to be corrected within 30 days. It further stated: "Your failure to cure these defaults will

result in the owner declaring the June 8, 1990 Articles of Agreement forfeited and a foreclosure action being instituted against you regarding your possession of the subject property."

The plaintiff subsequently filed a complaint on January 20, 1993, against the defendant for possession of the property. The plaintiff alleged that the defendant was unlawfully withholding possession after forfeiting the installment agreement for a trustee's deed to the property.

In a hearing on the complaint on April 20, 1993, the defendant admitted that she had not made any payments on the property, that there was no fire insurance on the property in 1992 when a fire damaged the property, and the building code violations had not been corrected. Perez testified that the defendant's father only made payments as required under the note until December 1991.

The trial judge found that the defendant was unlawfully withholding possession of the premises and entered judgment for possession plus costs in the plaintiff's favor. The defendant now appeals.

OPINION

Before oral argument, the plaintiff moved this court to dismiss the defendant's appeal as moot because it conveyed the property to a third party, Charlene Roth, while the appeal was pending. The defendant did not request this court to stay the judgment of possession and the record on appeal indicates that the judgment was only stayed for 30 days after it was entered.

Supreme Court Rule 305(b)(1) allows the trial court or the reviewing court to stay the enforcement, force, and effect of any final or interlocutory judgment or order pending appeal. (134 Ill. 2d R. 305(b)(1).) Rule 305(i) provides that "[i]f a stay is not perfected *** the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed." (134 Ill. 2d R. 305(i).) Under the rule, the record must unequivocally disclose that the purchaser was not a party or a nominee of a party to the action. *People ex rel. First National Bank v. City of North Chicago* (1987), 158 Ill. App. 3d 85, 510 N.E.2d 577.

●1 A reviewing court will not decide moot or abstract questions and will not consider cases merely to set precedent or issue advisory opinions. (*Condon v. American Telephone & Telegraph Co.* (1990), 136 Ill. 2d 95, 554 N.E.2d 206.) An appeal must be dismissed as moot if no actual controversy exists or if it has notice of facts that have occurred

which make it impossible for the court to grant effectual relief to either party. (*Edwardsville School Service Personnel Association, IEA-NEA v. Illinois Educational Labor Relations Board* (1992), 235 Ill. App. 3d 954, 600 N.E.2d 910.) "[I]n the absence of a stay, an appeal is moot if a specific property, possession or ownership of which is the relief being sought on appeal, has been conveyed to third parties." *Town of Libertyville v. Moran* (1989), 179 Ill. App. 3d 880, 886, 535 N.E.2d 82, 86.

●2 In this case, the plaintiff supported its motion to dismiss the appeal with the affidavit of Perez, the beneficiary of the trust. In her affidavit, Perez stated that she executed a direction to convey the property to Roth and that Roth paid actual consideration for the property. Perez also asserted that Roth was neither a party to the present litigation nor a nominee of Perez or anyone associated with Perez. Copies of the direction to convey, the recorded deed, the closing statement, and transfer declarations were attached as exhibits to the affidavit. The documents indicate that Roth purchased the property for $60,000 on November 8, 1993.

In response to the motion, the defendant asserts that the record does not unequivocally show that Roth is not a nominee of the plaintiff. In her affidavit, the defendant states that Roth is the nominee of Perez and that the defendant received a written offer to purchase the property on March 15, 1993, for $125,000. A copy of that offer was attached as an exhibit to the affidavit. The defendant in her argument also notes that the plaintiff did not present this court with a sales contract, title insurance documents, survey of the property, and mortgage documents or Roth's cancelled check for the full purchase price. The defendant also contends that the appeal is not moot despite the sale of the property because she is not seeking possession of the property. Rather, she contends she is seeking to vacate the order terminating her rights under the installment contract, after which she could tender performance to the plaintiff, and when the plaintiff could not convey the property, she could file an action for breach of contract against the plaintiff.

After reviewing the documents presented in support of and in opposition to the plaintiff's motion to dismiss, we conclude that the appeal must be dismissed as moot. The documents show that Roth purchased the property and Perez attests in her affidavit that Roth was not her nominee or a nominee of anyone associated with her. The defendant's argument that Roth was Perez's nominee, premised only on the fact that she received a purchase offer for the property which was more than double the price that Roth paid for it, is without merit. This court cannot speculate as to the value of the property on

the basis of this record. Further, despite the defendant's characterization of the order appealed from as one which terminated her rights under the installment agreement, the order merely granted the plaintiff possession of the property. With this appeal, the defendant is requesting this court to reverse the judgment of possession entered in favor of the plaintiff. Because the defendant did not request a stay of the judgment, Roth's right, title, or interest to the property would not be affected if this court reversed the judgment. As a result, the defendant cannot be restored to possession of the property and this appeal must be dismissed as moot.

Appeal dismissed.

JOHNSON and CAHILL, JJ., concur.