2019 IL App (1st) 172652

FIRST DISTRICT
FOURTH DIVISION
July 25, 2019

Nos. 1-17-2652 & 1-17-2892 (cons.)

|  |  |  |
|---|---|---|
| JAMES P. TAYLOR and KATHERINE TAYLOR, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 17 CH 4455 |
| BAYVIEW LOAN SERVICING, LLC, | ) ) ) | |
| Defendant-Appellee. | ) ) ) ) | Honorable Anna Helen Demacopoulos, Judge Presiding. |

JUSTICE REYES delivered the judgment of the court, with opinion.
Presiding Justice McBride and Justice Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiffs James and Katherine Taylor, *pro se*, appeal from an order of the circuit court of Cook County dismissing their amended complaint for wrongful foreclosure against defendant Bayview Loan Servicing, LLC (Bayview).[1]  The wrongful foreclosure complaint alleged certain wrongdoings by Bayview, which was the plaintiff in an underlying foreclosure action against the Taylors (*Bayview Loan Services, LLC v. Taylor*, No. 12 CH 16916) (foreclosure action).  The

---

[1] James and Katherine filed separate appeals which were consolidated for our review.

circuit court dismissed the amended complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2016)) finding that such a complaint was barred by section 15-1509(c) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1509(c) (West 2016)) where a final judgment had been entered in the foreclosure action and title to the property had vested in another entity. The Taylors now appeal this ruling. For the reasons that follow, we conclude section 15-1509(c) operates to bar the Taylors' wrongful foreclosure complaint and therefore affirm the judgment of the circuit court.

¶ 2                                              BACKGROUND

¶ 3      On March 28, 2017, James filed a *pro se* complaint for wrongful foreclosure and for other relief in the circuit court against Bayview. This complaint was later amended to add Katherine as a plaintiff. In their amended complaint, the Taylors alleged counts against Bayview for a violation of the Fair Debt Collection Practices Act, common law fraud, fraudulent concealment, negligent misrepresentation, and intentional infliction of emotional distress. These counts were based on Bayview's allegedly improper conduct related to the foreclosure action. Specifically, the Taylors alleged that on March 6, 2014, Bayview became a party to the foreclosure action when the circuit court entered an order allowing it to substitute as party plaintiff. Then, in August 2015, the Taylors received an IRS Form 1099-C which discharged the debt associated with the promissory note at issue in the foreclosure action. The 1099-C form indicated that the Taylors would not be personally liable for the debt. On September 3, 2015, the sale of the property at issue in the foreclosure action was confirmed and a personal deficiency judgment was entered against Katherine. According to the Taylors, the 1099-C form operated to extinguish the mortgage debt and therefore no personal deficiency judgment should have been entered against Katherine in the foreclosure action.

¶ 4    Bayview filed a motion to dismiss pursuant to section 2-619(a)(4) and section 2-619(a)(9) of the Code in which it argued the Taylors' claims were barred for two reasons; pursuant to section 15-1509(c) of the Foreclosure Law and by virtue of the doctrine of *res judicata*. Regarding section 15-1509(c), Bayview asserted that title to the property had vested to a third party purchaser by judicial deed and because the title vested, the Taylors (who were parties to the foreclosure action) were barred from bringing any claim against Bayview. Bayview further argued that all of the elements of *res judicata* were met in the case; the parties are the same, there is an identity in the cause of action because the Taylors are attacking the foreclosure action through their wrongful foreclosure complaint, and the parties to the foreclosure action and this action are identical.

¶ 5    In response, the Taylors argued that section 15-1509(c) of the Foreclosure Law and *res judicata* do not apply because the final judgment in the foreclosure action was void due to "a fraud upon the court" and "extrinsic fraud." The Taylors asserted that the March 6, 2014, order to substitute plaintiff in the foreclosure action was void because they never received notice of the proceeding. According to the Taylors, they received a notice of motion which indicated the motion to substitute plaintiff would be presented on March 16, 2014, accordingly they were not present in court on March 6, 2014, when the order was entered.[2] The Taylors maintained that they were intentionally and knowingly prevented from attending the March 6, 2014, proceeding and were thus prohibited from raising a defense and responding to the motion to substitute.

---

[2] Our review of the online docket in the foreclosure action reveals that the motion to substitute plaintiff was scheduled by the clerk of the circuit court for presentment on March 6, 2014. See *Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶ 24, n. 4 (taking judicial notice of the court clerk's online docket entries). We observe that "a litigant has the obligation to follow the progress of his [or her] case [citation], and the inadvertent failure to do so is not a ground for relief." *Genesis & Sons, Ltd. v. Theodosopoulos*, 223 Ill. App. 3d 276, 280 (1991).

¶ 6 The circuit court held a hearing on the matter. The Taylors consistently maintained that because the order substituting Bayview as the party plaintiff in the foreclosure action was void, all of the subsequent orders in the foreclosure action were also void and, therefore, their wrongful foreclosure complaint could not be barred by section 15-1509(c) or *res judicata*. The circuit court then inquired whether the Taylors had raised this issue in the foreclosure action. The Taylors informed the court that a motion to dismiss Bayview for lack of standing had been extensively litigated and ultimately denied.

¶ 7 After hearing the arguments of the parties, the circuit court granted Bayview's motion to dismiss with prejudice finding section 15-1509(c) of the Foreclosure Law barred the wrongful foreclosure complaint. This appeal follows.

¶ 8                                     ANALYSIS

¶ 9 Prior to addressing the merits of this appeal, we acknowledge Bayview's extensive argument regarding the Taylors' failure to follow our supreme court's rules regarding briefs (see Ill. S. Ct. R. 341 (eff. May 25, 2018)) and its suggestion that we forfeit the entirety of the Taylors' arguments. We observe that even though the Taylors are *pro se*, they are still held to the same standards as an attorney, including the requirement that our supreme court rules must be followed. See *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 16. While their statement of facts was argumentative and citation to relevant legal authority was lacking in several places, we will forfeit only those arguments raised by the Taylors that are insufficiently presented. See *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 6; Ill. S. Ct. R. 341(h)(6), (7) (eff. May 25, 2018). Accordingly, we now turn to consider the merits of the Taylors' appeal that were sufficiently presented for our review.

¶ 10 The Taylors argue that the circuit court erred in its dismissal of their amended complaint

pursuant to section 2-619(a)(9) of the Code. 735 ILCS 5/2-619 (West 2016). Section 2-619(a)(9) permits involuntary dismissal where "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2016). The phrase "affirmative matter" refers to something in the nature of a defense that negates the cause of action completely or refutes a crucial conclusion of law or conclusions of material fact contained in or inferred from the complaint. *MidFirst Bank v. Riley*, 2018 IL App (1st) 171986, ¶ 17. A motion for involuntary dismissal under section 2-619 of the Code admits all well-pleaded facts and reasonable inferences therefrom. *Snyder v. Heidelberger,* 2011 IL 111052, ¶ 8. The motion should be granted only if the plaintiff can prove no set of facts that would support a cause of action. *Id.* When ruling on a section 2-619 motion to dismiss, a court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. *U.S. Bank National Association v. Johnston*, 2016 IL App (2d) 150128, ¶ 23. We review a circuit court's dismissal pursuant to section 2-619(a)(9) of the Code *de novo*. *First Midwest Bank v. Cobo*, 2018 IL 123038, ¶ 16; *Nationwide Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755, ¶ 17.

¶ 11     On appeal, the Taylors essentially argue that section 15-1509(c) of the Foreclosure Law does not apply to bar their complaint where the March 6, 2014, order is void due to fraud.

¶ 12     Section 15-1509(c) of the Foreclosure Law provides that the vesting of title by deed— which undisputedly occurred here—"shall be an entire bar of *** all claims of parties to the foreclosure." 735 ILCS 5/15-1509(c) (West 2016). This court has found that language to be "clear and unambiguous." *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, ¶ 30 (finding that section 15-1509(c) barred the claims in the defendant's section 2-1401 petition to vacate the foreclosure judgment and confirmation of sale based on the plaintiff's acceptance of

additional payments from the defendant after the foreclosure judgment was entered). There are, however, two exceptions to section 15-1509(c)'s bar: (1) where a party seeks to challenge the judgment as void due to lack of personal or subject matter jurisdiction (see *MB Financial Bank, N.A. v. Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 22; *Deutsche Bank National Trust Co. v. Brewer*, 2012 IL App (1st) 111213, ¶ 15); and (2) where a party may seek relief in the form of claiming an interest in the proceeds of the sale (735 ILCS 5/15-1509(c) (West 2016)).

¶ 13    The Taylors argue that the first exception is implicated here. The Taylors maintain that the March 6, 2014, order was void because the order was procured by fraud and, as a result, we must vacate that and all of the other orders and judgments in the foreclosure action.

¶ 14    It is evident from the Taylors' briefs that they are working under a misapprehension of what the term "void" means. As explained by our supreme court, "The term 'void' is so frequently employed interchangeably with the term 'voidable' as to have lost its primary significance." *People v. Davis*, 156 Ill. 2d 149, 155 (1993). The question whether a judgment is void or voidable depends on whether the court entering the challenged order possessed jurisdiction over the parties and the subject matter. *Id.* If jurisdiction is lacking, any subsequent judgment of the court is rendered void and may be attacked collaterally. *Id.* "Judgments entered in a civil proceeding may be collaterally attacked as void only where there is a total want of jurisdiction in the court which entered the judgment, either as to the subject matter or as to the parties." *Johnston v. City of Bloomington,* 77 Ill. 2d 108, 112 (1979). A voidable judgment, however, is one entered erroneously by a court having jurisdiction and is not subject to collateral attack. *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998). Once a court has acquired jurisdiction, an order will not be rendered void merely because of an error or impropriety in the issuing court's determination of the law. *Id.* Accordingly, a court may not lose jurisdiction

because it makes a mistake in determining either the facts, the law, or both. *Id.* at 175 (quoting *Davis,* 156 Ill. 2d at 156).

¶ 15    Moreover, it is well established that once a court acquires jurisdiction, subsequent fraud, concealment, or perjury will not render its order void. *Vulcan Materials Co. v. Bee Construction*, 96 Ill. 2d 159, 165 (1983). As explained in *In re M.B.*, 235 Ill. App. 3d 352, 377-78 (1992):

> "An order is rendered void only by lack of jurisdiction, not by error or impropriety. Fraud can render a judgment void, but not all fraud can do so. [Citation.] There is a difference between fraud that confers only colorable jurisdiction upon the court, and fraud that occurs after the court's valid acquisition of jurisdiction; only the former type of fraud will render a judgment void. [Citation.] The latter type of fraud, fraud that occurs after jurisdiction has been acquired, will render the court's orders voidable, but not void for lack of jurisdiction. [Citations.]"

¶ 16    Based on this well-established law, we conclude the March 6, 2014, order entered in the foreclosure action was not void, since the circuit court had personal jurisdiction over the Taylors as well as subject-matter jurisdiction. See *Metrobank v. Cannatello*, 2012 IL App (1st) 110529, ¶ 15 (stating that in a civil suit a trial court obtains personal jurisdiction when an action is filed and proper summons is served on defendant as provided by statute); *Urban Partnership Bank v. Chicago Title Land Trust Co.*, 2017 IL App (1st) 162086, ¶ 12 (noting that subject matter jurisdiction refers to a court's power to entertain and determine the general question presented by the case and to grant the particular relief requested). Furthermore, assuming *arguendo* the circuit court erred in entering the March 6, 2014, order it would merely be voidable, not void. Thus, any error by the circuit court would not divest the court of the jurisdiction or authority to enter

the judgment of foreclosure or confirm the sale. See *In re Marriage of Mitchell,* 181 Ill. 2d at 175. It necessarily follows that even if the March 6, 2014, order was entered without notice to the Taylors, the exception to section 15-1509(c) does not apply. See *Deutsche Bank National Trust Co. v. Hart*, 2016 IL App (3d) 150714, ¶ 42; *BMO Harris Bank National Association v. LaRosa*, 2017 IL App (1st) 161159, ¶ 22.

¶ 17    We further observe that while the Taylors were not present in court when the order substituting Bayview as the plaintiff was entered, they extensively litigated Bayview's standing thereafter. As noted by the circuit court here, the Taylors filed a motion to dismiss Bayview for lack of standing which was briefed, argued, and denied. The Taylors also attempted to appeal the foreclosure action, but the appeal was dismissed for failure to perfect the appeal. The Taylors then filed a petition pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2016)) to vacate the order approving the sale arguing Bayview's lack of standing. This petition was also dismissed by the circuit court with prejudice. It is apparent from this litigation history that the Taylors had more than a mere opportunity to challenge the "extrinsic fraud" they believe occurred when the foreclosure court granted the March 6, 2014, order. Indeed, the Taylors challenged Bayview's standing with vigor and through multiple different avenues. Unfortunately for the Taylors, however, our case law is clear: an effort to challenge orders in an underlying foreclosure action after the order approving the sale has been entered must follow the Foreclosure Law. See *Prabhakaran*, 2013 IL App (1st) 111224, ¶¶ 29-30 (quoting *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 2 (2010) ("The Foreclosure Law governs the mode of procedure for mortgage foreclosures in Illinois.")). Because section 15-1509(c) of the Foreclosure Law operates as an entire bar of all claims of the parties to a foreclosure after the title has vested by deed and none of the exceptions apply, the Taylors

cannot relitigate the propriety of the March 6, 2014, order now.  Accordingly, we conclude the circuit court correctly dismissed the Taylors' amended complaint for wrongful foreclosure because it was barred by section 15-1509(c) of the Foreclosure Law.  Because we conclude that the Taylors' complaint was properly dismissed as barred by section 15-1509(c) of the Foreclosure Law, we need not address Bayview's argument that the Taylors' complaint was barred by *res judicata*.

¶ 18                                      CONCLUSION

¶ 19    For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 20    Affirmed.

**Nos. 1-17-2652 & 1-17-2892 cons.**

| | |
|---|---|
| **Cite as:** | James P. Taylor and Katherine Taylor v. Bayview Loan Servicing, LLC, 2019 IL App (1st) 172652 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17 CH 4455; the Hon. Anna Helen Demacopoulos, Judge, presiding. |
| **Attorneys for Appellant:** | James P. Taylor & Katherine L. Taylor, *pro se.* |
| **Attorneys for Appellee:** | James V. Noonan, of Noonan & Lieberman, Ltd, of Chicago, for appellee. |