**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220354-U

Order filed October 16, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| KIM RESTREPO a/k/a KIM A. | ) | |
| RESTREPO; UNITED STATES OF | ) | |
| AMERICA-DEPARTMENT OF | ) | |
| HOUSING AND URBAN | ) | Appeal No. 3-22-0354 |
| DEVELOPMENT; OCWEN LOAN | ) | Circuit No. 18-CH-1927 |
| SERVICING, LLC; ILLINOIS | ) | |
| HOUSING DEVELOPMENT | ) | |
| AUTHORITY; UNKNOWN OWNERS | ) | |
| AND NONRECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Theodore J. Jarz, |
| (Kim Restrepo, Defendant-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Brennan and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   In an appeal in a mortgage foreclosure case, the appellate court held that defendant's claims on appeal—which pertained to the trial court's grant of plaintiff's motion to dismiss defendant's petition for relief from judgment that

sought to vacate both the judgment of foreclosure of defendant's mortgage and the order confirming the sheriff's sale of defendant's home—were moot and barred because the subject property had been sold to an unrelated third party purchaser and defendant had not obtained a stay of the trial court's order confirming the sale within the time frame allowed for filing an appeal from that order.

¶ 2    Ocwen Loan Servicing, LLC (Ocwen), filed an action against defendant, Kim Restrepo, and others seeking to foreclose a mortgage held on certain real property in Will County, Illinois. PHH Mortgage Corporation (PHH or plaintiff) was later substituted into the case as the plaintiff. Defendant was initially involved in the trial court proceedings but was eventually defaulted for failing to appear or answer. The trial court subsequently entered a judgment of foreclosure and the property was sold at a sheriff's sale. Nearly three months after the sale was confirmed, defendant filed a motion, which the trial court treated as a petition for relief from judgment, seeking to vacate the foreclosure judgment and the sheriff's sale (presumably, the order confirming the sheriff's sale). Plaintiff filed a motion to dismiss defendant's petition. Following full briefing and a hearing on the matter, the trial court granted plaintiff's motion to dismiss. Defendant appeals. Plaintiff filed a motion to dismiss the appeal as moot.

¶ 3                                    I. BACKGROUND

¶ 4    As best as we can determine from the record, the facts in this case can be summarized as follows.[1] In November 2018, Ocwen filed a complaint in the trial court to foreclose upon a mortgage held on certain residential real property owned by defendant in Joliet, Will County, Illinois. A copy of the note and mortgage were attached to the complaint. As supplemented by

---

[1]We have not been presented with a report of proceedings or the equivalent thereof in this appeal. Defendant, as the appellant, bears the burden to present a sufficiently complete record of the proceedings in the trial court to support her claims of error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Therefore, any doubts that arise from the incompleteness of the record in this case will be resolved against defendant. See *id.* at 392.

the note and mortgage, the complaint alleged that in September 2009, defendant borrowed approximately $92,300[2] from a certain specified lender (the loan); that the debt was secured by a mortgage on the subject property; that defendant had been in default on the loan since August 2018; that defendant currently owed approximately $81,600 in principal on the loan, plus interest, costs, fees, and advances; that the note had later been transferred to Ocwen; and that Ocwen was filing the mortgage foreclosure complaint in its capacity as the mortgagee.

¶ 5    During most of the relevant proceedings in this case, defendant lived at the subject property. In December 2018, defendant was personally served with a summons and the mortgage foreclosure complaint by substitute service at the subject property (a copy of the summons and complaint were left with defendant's roommate). Over the next six months, defendant attended several pre-mediation and mediation sessions through the trial court as she was initially directed to do in the summons. Defendant was self-represented in those sessions.

¶ 6    In February 2019, Ocwen filed a motion to substitute plaintiff in this case and a notice of that motion. In the motion, Ocwen sought to substitute PHH as the plaintiff because the servicing rights on defendant's loan had been transferred to PHH. The notice that had been filed for the motion was addressed to defendant at the subject property and had a proof of service section that contained a statement certifying that both the notice and motion had been sent by regular mail to defendant at the subject property.

¶ 7    In June 2019, Ocwen filed several documents in the trial court, including a motion for entry of a default order against any defendants that had failed to appear or answer, an affidavit of the amounts due and owing on the loan, and a motion for entry of judgment of foreclosure and

---

[2]For the convenience of the reader, most or all of the amounts that were specifically listed in the trial court pleadings and supporting documents have been listed as approximate amounts in this order.

sale. The notice that was filed with those documents indicated that the documents would be presented in court on a certain specified date the following month (the presentation date) and certified that a copy of the notice and the documents had been sent to defendant at the subject property by regular mail.

¶ 8    In July 2019, on the presentation date for the documents, defendant appeared in court and represented herself in the proceedings. The trial court gave defendant 21 days to file an appearance and an answer and set the case for a hearing date later that month on the documents that Ocwen had filed. That same day, an order was entered substituting plaintiff, PHH, as the plaintiff in this case. Later that month, on the hearing date, defendant failed to file an appearance, answer, or any other document and failed to appear in court. The trial court entered an order of default as to defendant and a judgment of foreclosure and sale of the property. The foreclosure judgment gave defendant until November 2019 to redeem the property. The day after the default order and foreclosure judgment were entered, a notice of entry of the order and judgment was filed in the trial court. The notice was addressed to defendant at the subject property but did not indicate whether it had been sent or served on defendant.

¶ 9    The property was initially scheduled to be sold at a sheriff's sale in November 2019. More than a month before the sale, a notice of the sheriff's sale and a certificate of service were filed in the trial court. The certificate contained a statement certifying that notice of the sheriff's sale had been sent to defendant by regular mail at the subject property.

¶ 10   The sheriff's sale did not take place as scheduled. Apparently, due to the pandemic, the case was paused for over two years. In approximately January 2022, the foreclosure proceedings resumed and the sheriff's sale was rescheduled to take place in February 2022. As with the prior sheriff's sale, a notice of the rescheduled sale and a certificate of service were filed in the trial

4

court prior to the rescheduled sale taking place. The certificate again contained a statement certifying that notice of the rescheduled sale had been sent to defendant by regular mail at the subject property.

¶ 11    In February 2022, after the rescheduled sheriff's sale had taken place, the sheriff filed a sale packet in the trial court. The sale packet contained a report of sale and distribution (the sheriff's report), a certificate of sale, and a certificate of publication. The sheriff's report indicated that the rescheduled sale of the property had taken place as planned and that a person named Veronica Chavez had purchased the property at the sale for $136,000. After the proceeds of the sale were applied to defendant's loan and the expenses of the sale, defendant was left with a deficiency of about $7100. The certificate of publication indicated that a legal notice regarding the rescheduled sheriff's sale had been published in a local newspaper for three consecutive weeks in January and February 2022 prior to the sale.

¶ 12    In March 2022, plaintiff filed in the trial court a motion for order approving the sheriff's report and a notice of that motion. The notice contained a proof of service section certifying that a copy of the notice and the motion had been sent to defendant at the subject property by regular mail. Later that same month (on the date listed on the notice), the trial court entered an order confirming the sale, directing the sheriff to issue a deed for the property to Chavez, and granting Chavez possession of the property in 30 days. As part of its order, the trial court found that notice of the sale, as required by section 15-1507(c) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1507(c) (West 2022)), had been properly given.

¶ 13    Nearly three months later, in June 2022, defendant's attorney filed an appearance in the trial court on defendant's behalf and a motion to vacate the foreclosure judgment and the sheriff's sale of the property (presumably, the order confirming the sheriff's sale). In the motion,

5

defendant alleged that she had never been served with process in this case, that plaintiff had not served defendant with notice of any pending motions or hearings in the case for the past three years, that she had not received any documents in the case since 2019, that she was not given notice of the sheriff's sale, that she did not know about the sheriff's sale until after it had occurred, that the lack of notice constituted extrinsic fraud, and that the sheriff's sale was void and had to be vacated. Defendant asked the trial court to quash and vacate the sale of the property due to the lack of notice or, in the alternative, to hold an evidentiary hearing on the matter so that defendant could present evidence to support her claims.

¶ 14        Defendant attached her affidavit to the motion. In her affidavit, defendant attested that: (1) between 2009 and April 2022, she had lived at the subject property; (2) since April 2022, she had lived in Yorkville, Illinois; (3) plaintiff had never attempted to serve defendant with notice of the sheriff's sale at any of the addresses set forth in defendant's affidavit, either by process server or by certified mail; (4) defendant had not received any documents from plaintiff in this case since 2019; and (5) defendant had learned of the sheriff's sale after it had already occurred when the purchaser had taped a handwritten note on defendant's front door.

¶ 15        Later that same month, when the case was before the trial court for defendant's motion to be presented, plaintiff orally objected to the motion based upon lack of subject matter jurisdiction since defendant's motion had not been filed within 30 days after the order confirming sale was entered. The trial court treated defendant's motion as a petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)) and set the case for an evidentiary hearing on the petition.

¶ 16        Several days before the evidentiary hearing, however, plaintiff filed an emergency motion to dismiss. Plaintiff alleged in the motion that dismissal of the petition was proper under

6

both sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2022)) because defendant had failed to meet the requirements of a section 2-1401 petition and because defendant's claim was otherwise barred and moot. Defendant filed a response opposing the motion to dismiss, and plaintiff filed a reply.

¶ 17 In August 2022, a hearing was held on plaintiff's motion to dismiss. At the conclusion of the hearing, the trial court granted plaintiff's motion and dismissed defendant's section 2-1401 petition. The written order indicated that the dismissal was granted "for the reasons stated on the record."

¶ 18 Defendant appealed. While the case was pending on appeal, plaintiff filed a motion to dismiss the appeal as moot. Defendant filed a written response opposing the motion to dismiss. This court took the motion to dismiss with the case.

¶ 19                                    II. ANALYSIS

¶ 20 On appeal, defendant argues that the trial court erred in granting plaintiff's motion to dismiss defendant's petition for relief from judgment. Defendant asserts that plaintiff's motion should not have been granted because: (1) defendant's petition—which sought to vacate a void order, the order confirming sale—was not a pleading and was not subject to a motion to dismiss; (2) even if defendant's petition was a pleading, dismissal was still unwarranted since a summary dismissal of such a petition is not allowed under the applicable law and since plaintiff waived its right to challenge the sufficiency of the petition by not filing a motion to dismiss initially and objecting only to subject matter jurisdiction; and (3) the trial court was faced with conflicting affidavits in this case as to whether notice was given to defendant of the various trial court foreclosure proceedings and should have held an evidentiary hearing on the matter before ruling on plaintiff's motion to dismiss. For those reasons, defendant asks that the trial court's grant of

7

plaintiff's motion to dismiss be reversed and that the case be remanded for further proceedings on defendant's petition, with instructions to the trial court to hold an evidentiary hearing on the matter. Plaintiff, on the other hand, disagrees with defendant's assertions and argues that the trial court's ruling was proper and should be upheld.

¶ 21 Before we reach the merits of the parties' arguments on that issue, however, we must first consider plaintiff's claim that the sale of the property to an unrelated third-party purchaser, Chavez, at the sheriff's sale renders this appeal moot and barred. More specifically, plaintiff asserts first, as to mootness, that because defendant failed to obtain a stay of the order confirming sale, under both Illinois Supreme Court Rule 305(k) (eff. July 1, 2017) and section 2-1401(e) of the Code, Chavez's interest in the subject property is protected and she cannot be divested of that interest. Thus, plaintiff contends, this court cannot provide defendant with any effectual relief and the appeal is moot. In making that contention, plaintiff acknowledges that defendant asserts that the order confirming sale is void. Plaintiff disputes that assertion and maintains instead, that personal jurisdiction over defendant existed in this case, that there was no extrinsic fraud, and that the order confirming sale was not void. Second, as to this appeal being barred, plaintiff asserts that under section 15-1509(c) of the Mortgage Foreclosure Law (735 ILCS 5/15-1509(c) (West 2022)), once the deed was issued transferring title of the property to Chavez as the purchaser at the sheriff's sale of the property, all claims of defendant, who was a party in the foreclosure proceeding, were barred. Plaintiff recognizes that an exception to that rule exists in situations where the underlying judgment was void for lack of personal jurisdiction but again maintains that personal jurisdiction was not lacking in this case and that the order confirming sale was not void. Thus, for all of the reasons stated, plaintiff asks that this court find that this appeal is moot and barred and affirm the trial court's ruling on that basis.

¶ 22    Defendant argues that her appeal in this case is not moot or barred and that the trial court's order should not be affirmed on that basis. According to defendant, plaintiff's claims in that regard do not apply here because the order confirming sale in this case was void and a void order may be challenged at any time. In making that argument, defendant acknowledges that she was initially served with process in this case but asserts that the order confirming sale was still void because: (1) defendant's procedural due process rights were violated by plaintiff's failure to give defendant notice of the various trial court foreclosure proceedings; and (2) plaintiff's failure to give defendant notice of the trial court proceedings constituted extrinsic fraud. According to defendant, the notice requirement was especially important in this case, where the proceedings had been paused for over two years due to the pandemic. Defendant asserts further that it is irrelevant in this case whether she can be restored to possession of the subject property because regardless of possession, this court can still establish the rights of the parties. At the very least, defendant maintains, the question of whether defendant was provided with adequate notice of the trial court foreclosure proceedings should not have been resolved without an evidentiary hearing since the trial court was faced with competing affidavits regarding the matter. For all of the reasons set forth above, defendant asks, although somewhat implicitly, that this court reject plaintiff's claim that this appeal is moot and barred.

¶ 23    Because a reviewing court's jurisdiction is restricted to cases that present an actual controversy, it will generally not decide moot or abstract questions, consider cases merely to set precedent, or issue advisory opinions. See *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 522-23 (2001); *Cosmopolitan National Bank of Chicago v. Nunez*, 265 Ill. App. 3d 1012, 1014-15 (1994). An appeal is moot if no actual controversy exists or if events have occurred that make it impossible for the reviewing court to grant effectual relief to the complaining party. See

9

*Steinbrecher*, 197 Ill. 2d at 522-23; *Nunez*, 265 Ill. App. 3d at 1014-15. More specifically, in cases such as the present case, where the relief sought on appeal involves the possession or ownership of property that has already been sold to a third party who was not a party to the litigation, the appeal is moot unless the appellant previously obtained a stay of the trial court's judgment within the time frame allowed for filing a notice of appeal. This is because, absent a stay, the reviewing court will not be able to grant effectual relief to the appellant and an appellate ruling on the matter will not have any practical legal effect on the controversy. See *Steinbrecher*, 197 Ill. 2d at 522-23; *Nunez*, 265 Ill. App. 3d at 1015.

¶ 24 The principle set forth above is reflected in Illinois Supreme Court Rule 305(k), which protects third-party purchasers of property from appellate reversals or modifications of judgment regarding that property, absent a stay of judgment pending the appeal. *Steinbrecher*, 197 Ill. 2d at 523 (referring to a prior version of the rule in which the provision was contained in subparagraph (j)). Rule 305(k) provides:

> "*(k) Failure to Obtain Stay; Effect on Interests in Property.* If a stay is not perfected within the time for filing the notice of appeal, or within any extension of time granted under subparagraph (c) of this rule, the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed; nor shall the reversal or modification affect any right of any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed. This paragraph applies even if the

10

appellant is a minor or a person under legal disability or under duress at the time the judgment becomes final." Ill. S. Ct. R. 305(k) (eff. July 1, 2017). For Rule 305(k) protection to apply, the following three requirements must be satisfied: (1) the property must have passed pursuant to a final judgment; (2) the right, title, and interest in the property must have passed to a person or entity who is not a party to the action; and (3) the litigating party must have failed to perfect a stay of judgment within the time allowed for filing a notice of appeal. *Steinbrecher*, 197 Ill. 2d at 523-24.

¶ 25        Similar protection is contained in the section of the Code that applies to petitions for relief from judgment. Specifically, section 2-1401(e) of the Code provides, in pertinent part, that:

"Unless lack of jurisdiction affirmatively appears from the record proper, the vacation or modification of an order or judgment pursuant to the provisions of this Section does not affect the right, title, or interest in or to any real or personal property of any person, not a party to the original action, acquired for value after the entry of the order or judgment but before the filing of the petition, nor affect any right of any person not a party to the original action under any certificate of sale issued before the filing of the petition, pursuant to a sale based on the order or judgment." 735 ILCS 5/2-1401(e) (West 2022).

¶ 26        A somewhat related protection is provided in the context of a mortgage foreclosure case under section 15-1509(c) of the Mortgage Foreclosure Law, which states that the vesting of title by deed, such as occurred in the present case, "shall be an entire bar of *** all claims of parties to the foreclosure[.]" See 735 ILCS 5/15-1509(c) (West 2022). The First District Appellate Court has previously referred to that language as being clear and unambiguous. See *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, ¶¶ 30, 32. The protection provided in section

11

15-1509(c) has been held to apply against a section 2-1401 petition for relief from judgment and to bar a defendant in a mortgage foreclosure case from seeking to challenge the foreclosure judgment or the order confirming sale in a section 2-1401 petition. See *id.*

¶ 27       In the present case, after reviewing the record and applying the legal principles set forth above, we find that the claims raised in defendant's appeal are both moot and barred, as asserted by plaintiff. There is no dispute in this case that the property passed to Chavez, the highest bidder at the sheriff's sale, pursuant to the order confirming sale, which was the final judgment in this mortgage foreclosure proceeding; that Chavez was an unrelated third-party purchaser who was not a party to the litigation; and that defendant did not obtain a stay of the order confirming sale within the time frame provided for filing an appeal from that order. Thus, under both Illinois Supreme Court Rule 305(k) and section 2-1401(e) of the Code, Chavez (the third party purchaser) is protected and this court has no ability to divest Chavez of her interest in the subject property. See Ill. S. Ct. R. 305(k) (eff. July 1, 2017); 735 ILCS 5/2-1401(e) (West 2022); *Steinbrecher*, 197 Ill. 2d at 522-29; *Nunez*, 265 Ill. App. 3d at 1014-15. Any order entered by this court reversing the foreclosure judgment or the order confirming sale would have no practical effect on the possession or ownership of the subject property and would grant defendant no relief in that regard. We conclude, therefore, that to the extent defendant seeks to undo the sale of the subject property, her claims on appeal are moot. See *Steinbrecher*, 197 Ill. 2d at 522-29; *Nunez*, 265 Ill. App. 3d at 1014-15.

¶ 28       In addition, to the extent that defendant would seek to have this court redetermine or establish the rights of the parties with regard to the foreclosure and the deficiency judgment that was entered against defendant, those claims are barred by section 15-1509(c) of the Mortgage Foreclosure Law and could not be raised by defendant in a section 2-1401 petition. See 735

12

ILCS 5/15-1509(c) (West 2022); *Prabhakaran*, 2013 IL App (1st) 111224, ¶¶ 30, 32. There is no question in this case that the title to the subject property was vested by deed in the unrelated third-party purchaser, Chavez, as a result of the sheriff's sale, the order confirming sale, and the subsequent issuance of the sheriff's deed for the property to Chavez. Therefore, all claims of defendant, who was a party to the mortgage foreclosure proceeding, are barred, including the claims that defendant sought to raise in her section 2-1401 petition. See 735 ILCS 5/15-1509(c) (West 2022); *Prabhakaran*, 2013 IL App (1st) 111224, ¶¶ 30, 32.

¶ 29        Although defendant seeks to bypass those legal protections by claiming that the foreclosure judgment and the order confirming sale were void in this case and could be challenged at any time, we are not persuaded by defendant's argument in that regard. It is well settled under Illinois law that a judgment is void only when either subject matter jurisdiction or personal jurisdiction is lacking. See *Vulcan Materials Co. v. Bee Construction*, 96 Ill. 2d 159, 165 (1983) (recognizing that a judgment is rendered void only by lack of jurisdiction by the issuing court, not by subsequent error or impropriety); see also *Taylor v. Bayview Loan Servicing, LLC*, 2019 IL App (1st) 172652, ¶¶ 14-16. Defendant's only claim here is that personal jurisdiction is lacking in this case. However, defendant does not dispute that she was initially served with process at the outset of this case in the trial court. Contrary to defendant's claim on appeal, her assertions of a subsequent lack of notice, a violation of due process, and the existence of what defendant incorrectly labels as extrinsic fraud,[3] even if true, would not divest the trial court of personal jurisdiction in this case, once service of process on defendant had been obtained and personal jurisdiction had been established. See *Vulcan Materials Co.*, 96 Ill. 2d at

---

[3]Fraud that occurred after a court had acquired jurisdiction is generally considered to be intrinsic fraud, not extrinsic fraud as defendant suggests, and will not render a court's order void. See *Taylor*, 2019 IL App (1st) 172652, ¶ 15; *In re M.B.*, 235 Ill. App. 3d 352, 377-78 (1992).

13

165; *Taylor*, 2019 IL App (1st) 172652, ¶¶ 14-16. Thus, it was not necessary for the trial court to hold an evidentiary hearing on the issue of whether proper notice of the various trial court foreclosure proceedings had been given to defendant in this case as the subsequent lack of notice would not have rendered the trial court's judgment void for lack of personal jurisdiction. See *Vulcan Materials Co.*, 96 Ill. 2d at 165; *Taylor*, 2019 IL App (1st) 172652, ¶¶ 14-16. The same is also true as to defendant's claim of a violation of due process and extrinsic fraud. See *Vulcan Materials Co.*, 96 Ill. 2d at 165; *Taylor*, 2019 IL App (1st) 172652, ¶¶ 14-16.

¶ 30     Because we have determined that defendant's claims on appeal are moot and barred as set forth above, we need not rule upon the merits of the parties' arguments on appeal as to whether the trial court erred in granting plaintiff's motion to dismiss defendant's petition for relief from judgment.

¶ 31                                          III. CONCLUSION

¶ 32     For the foregoing reasons, plaintiff's motion to dismiss appeal as moot is hereby granted.

¶ 33     Appeal dismissed.