2025 IL App (1st) 242573-U

No. 1-24-2573

Order filed December 23, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, not in its individual capacity, but solely as Trustee of MFRA Trust 2016-1, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | No. 21 CH 03047 |
| v. | ) ) | Honorable Lloyd Brooks, |
| SYNOSURE DIRECT, INC., JEAMS E. POTTS, UNKNOWN OWNERS & NON-RECORD CLAIMANTS, | ) ) ) ) ) | Judge, Presiding. |
| Defendants (Synosure Direct, Inc.- Defendant-Appellant). | ) ) | |

---

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presding Justice Mitchell and Justice Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the judgment of the circuit court denying defendant's motion to vacate the default foreclosure judgment where section 15-1509(c) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1509(c) (West 2024)) bars defendant's claim because it was filed after the judicial sale of the real estate was confirmed.

¶ 2 Defendant Synosure Direct, Inc. (Synosure) appeals from an order of the circuit court of Cook County denying its motion to vacate a default foreclosure judgment and related relief. On appeal, defendant contends that the circuit court erred in denying its motion to vacate because plaintiff Wilmington Trust, National Association's, not in its individual capacity but solely as Trustee of MFRA Trust 2016-1 (Wilmington Trust), complaint failed to state a claim of foreclosure. For the reasons that follow, we affirm.

¶ 3                                    BACKGROUND

¶ 4 On June 22, 2021, Wilmington Trust filed a three-count foreclosure complaint against Synosure and codefendant Jeames E. Potts (Potts) seeking foreclosure and a judicial sale of property located at 136 West 122nd Street in Chicago, monetary judgment, and judgment against Potts for amounts alleged to be due and owing under his personal guaranty. While Synosure alleges that there was no promissory note attached to the complaint, Wilmington Trust states that there was an incomplete copy of the note attached to the complaint. Potts is not a party to this appeal.

¶ 5 On February 22, 2023, Synosure filed its appearance through its attorney but did not file a responsive pleading to the complaint. On April 5, 2023, Wilmington Trust filed its motion for a default judgment against Synosure. On April 27, 2023, Wilmington Trust filed Warrant Green's affidavit pursuant to Supreme Court Rule 113 (Ill. S. Ct. R. 113 (eff. Oct. 1, 2021) in which he attested to the loan documents, the origination and assignment of the loan, the default of the subject loan, and the amount due and owing under the loan.

¶ 6 On May 5, 2023, a new attorney appeared on Synosure's behalf at the hearing on Wilmington Trust's default motion. Synosure was granted time to respond to the default motion or otherwise plead in response to the complaint. However, Synosure did not file a responsive

pleading within the allotted time, and on May 30, 2023, the circuit court entered and continued Wilmington Trust's default motion. On July 14, 2023, a different attorney filed an appearance for Synosure but did not file a response to the foreclosure complaint.

¶ 7     On September 1, 2023, the circuit court granted Wilmington Trust's motion for default and entered a default judgment against Synosure and an order for judgment of foreclosure and sale. A judicial sale of the property was scheduled for December 5, 2023. However, on December 1, 2023, Synosure filed a motion to vacate titled "Emergency Motion to Vacate or Stay Order Approving the Appointment of Selling Officer, Judgment of Foreclosure and Sale and for Judgment against Defendants, and for Default," seeking to vacate the circuit court's September 1, 2023, orders and to stay the December 5, 2023, judicial sale. Synosure's supporting affidavit stated that it wanted to stay the sale because it had a contract for sale of the property and would generate proceeds to Wilmington Trust in excess of what they bid at the judicial sale. The circuit court granted Synosure's motion to stay the December 5, 2023, judicial sale.

¶ 8     A second judicial sale of the property was subsequently scheduled for February 6, 2024. On February 2, 2024, Synosure filed its second motion to vacate titled "Emergency Motion to Vacate or Stay Order Approving the Appointment of Selling Officer, Judgment of Foreclosure and Sale against Defendants, and for Default," again seeking to vacate the circuit court's September 1, 2023, orders and to stay the February 6, 2024, judicial sale. Synosure's supporting affidavit was essentially the same as the affidavit attached to its initial motion to vacate and additionally stated that it had requested a payoff statement from Wilmington Trust. On February 6, 2024, the circuit court denied Synosure's motion to stay the judicial sale, and the property was sold at judicial sale.

Wilmington Trust was the successful bidder at the sale with a winning bid of $115,000 resulting in a deficiency of $40,505.84.

¶ 9     On February 14, 2024, Wilmington Trust filed its motion to confirm the sale. On April 8, 2024, Synosure filed its response to Wilmington Trust's motion to confirm the sale, alleging that Wilmington Trust never provided it with a payoff letter for the subject loan, that Synosure had purchase offers that were considerably higher than the amount owed on the property at the time, and that confirming the sale would yield an unfair result to Synosure as it had repeatedly attempted to make Wilmington Trust whole and satisfy the judgment. On April 19, 2024, Wilmington Trust filed its reply in support of its motion to confirm sale and asserted that Synosure had not stated a valid basis for objection to confirmation of the judicial sale. On August 6, 2024, the circuit court granted Wilmington Trust's motion to confirm the sale and approved the judicial sale. On August 20, 2024, the judicial deed was executed.

¶ 10     On September 4, 2024, a different attorney filed an appearance for Synosure and filed a motion to vacate the default judgment and judgment of foreclosure that was entered on September 1, 2023. Synosure claimed that Wilmington Trust never established a *prima facie* case for mortgage foreclosure because it did not attach a copy of the note to its complaint and never introduced evidence of the note. Synosure's motion did not make any argument regarding Rule 113 or the applicability of section 2-1508(b)(iv) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1508(b)(iv) (West 2024)) and *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469.

¶ 11     On October 29, 2024, Wilmington Trust filed its response to Synosure's motion to vacate and asserted that the motion to vacate was barred by section 15-1509(c) of the Foreclosure Law

(735 ILCS 5/15-1509(c) (West 2024)) because title vested by deed on August 20, 2024, prior to the filing of Synosure's motion to vacate and because a meritorious defense alone is insufficient to vacate judgment and sale pursuant to section 15-1508(b)(iv) and *McCluskey*.

¶ 12    On November 26, 2024, Synosure filed its reply brief and argued that Wilmington Trust's complaint failed to state a cause of action for mortgage foreclosure, which can be raised at any time, even for the first time on appeal, and cannot be waived. Additionally, Synosure argued that its motion to vacate for failure to state a cause of action was not barred by section 15-1509(c) because  the circuit court still had jurisdiction since the judicial deed was issued before the time to appeal the circuit court's order confirming sale had expired.

¶ 13    On December 18, 2024, the circuit court entered an order that denied Synosure's motion to vacate for the reasons stated on the record. However, the appellate record does not contain a report of proceedings or bystander's report for the September 1, 2024, hearing on Synosure's motion. Synosure's notice of appeal was filed on December 23, 2024.

¶ 14                                    ANALYSIS

¶ 15    Synosure raises but one issue on appeal: whether the circuit court erred in denying its motion to vacate the default judgment, judgment of foreclosure and related relief because Wilmington Trust's complaint failed to state a claim for foreclosure. Synosure admits that its motion to vacate the default, filed on September 4, 2024, was filed after the judicial sale of the property took place and after that judicial sale was confirmed. However, Synosure contends that Wilmington Trust's failure to state a claim for foreclosure in its complaint can never be waived by a defendant, and thus the circuit court incorrectly believed that Synosure waived this issue. Synosure asserts that the standard of review is abuse of discretion. Essentially, Synosure's

argument is that the defense of a plaintiff's failure to state a cause of action supersedes the provisions of the Foreclosure Law.

¶ 16 As noted above, Synosure did not include a report of proceedings or bystander's report from the hearing on its motion to vacate. Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) provides that the record on appeal shall include any report of proceedings. The appellant has the burden of presenting a sufficiently complete record to support her claim of error and any doubts arising from the incompleteness of the record will be resolved against him. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Where the record is incomplete or does not demonstrate the alleged error, a court of review will not speculate as to what errors may have occurred below. *Id*. An issue relating to a circuit court's factual findings and basis for its legal conclusions cannot be reviewed absent a report or record of the proceedings. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). To the extent that respondent's issues on appeal challenge any of the circuit court's factual findings and the basis for its legal conclusions, we must presume that the circuit court's decision is supported by the facts and evidence presented to it during the hearing conducted below.

¶ 17 Generally, the issue of whether a plaintiff fails to state a cause of action is raised in a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2024)). However, in this case, Synosure did not file a motion to dismiss the complaint; rather, it filed a motion to vacate a default judgment, which is governed by section 2-1301(e) of the Code (735 ILCS 5/2-1301(e) (West 2024)). Therefore, resolution of this issue involves the relationship between section 2-1301(e) of the Code and sections 15-1508 and 15-1509 of the Foreclosure Law. The issue is one of statutory construction, which we review *de novo*. *McCluskey*, 2013 IL 115469, ¶ 10.

¶ 18    Section 2-1301(e) is generally available to seek relief from any nonfinal order of default or default judgment or from a final default judgment within 30 days of its entry. 735 ILCS 5/2-1301(e) (West 2024). In the context of a mortgage foreclosure proceeding, it is well settled that in the absence of a Rule 304(a) finding in the judgment of foreclosure, it is the order confirming the sale, rather than the judgment of foreclosure, that operates as the final and appealable order in a foreclosure case. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11. Accordingly, a motion to vacate a default judgment of foreclosure brought before the order confirming the sale or within 30 days thereafter would be timely. In this case, the motion to confirm sale was granted on August 6, 2024, and the judicial deed was executed on August 20, 2024. Synosure filed its motion to vacate on September 4, 2024, which was 29 days after the sale was confirmed. Thus, the motion would appear to be timely pursuant to Section 2-1301(e).

¶ 19    That does not end the discussion, however. Allowing such a motion in the context of a mortgage foreclosure case, even if timely, is inconsistent with the procedures set forth in the Foreclosure Law, particularly sections 15-1508(b), which governs the confirmation of judicial sales, and 15-1509(c), which specifically bars claims after title has vested by judicial deed. 735 ICLS 5/15-1508(b), 15-1509(c) (West 2024).

¶ 20    Section 15-1508(b) provides that,

> "Upon motion and notice in accordance with court rules applicable to motions generally, which motions shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice [of the sale] * * * was not given, (ii) the terms of the sale were unconscionable, (iii) the sale was conducted fraudulently or

(iv) justice was otherwise not done, the court shall then enter an order confirming the sale."

735 ILCS 5/15-1508(b) (West 2024).

¶ 21    Synosure rests its argument on subsection (iv) of section 15-1508(b) as support for its conclusion that the affirmative defense of a plaintiff's failure to state a cause of action can be raised at any time. However, in this case, there are additional facts that Synosure completely ignores in its argument. In this case, not only had the sale been confirmed, but the judicial deed had been executed prior to the filing of Synosure's September 4, 2024, motion to vacate the default. Therefore, we must also look to the provisions of section 15-1509(c) of the Foreclosure Law.

¶ 22    Section 15-1509(c) provides that the vesting of title by deed "shall be an entire bar of  * * * all claims of parties to the foreclosure." 735 ILCS 5/15-1509(c) (West 2024). "This court has previously found that language to be 'clear and unambiguous.' " *Taylor v. Bayview Loan Services, LLC*, 2019 IL App (1st) 172652, ¶ 12 (quoting *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, ¶ 30)). There are, however, two exceptions to section 15-1509(c)'s bar: (1) where a party seeks to challenge the judgment as void due to lack of subject-matter jurisdiction and (2) where a party may seek relief in the form of claiming an interest in the proceeds of the sale. *Taylor*, 2019 IL App (1st) 172652, ¶ 12.

¶ 23    In the case at bar, Synosure did not make any argument in its opening brief with respect to section 15-1509(c) and makes such argument for the first time in its reply brief where it maintains that it can address the implications of the statute because it can always respond to arguments raised by the appellee. Substantively, Synosure contends that its motion to vacate was not barred by section 15-1509(c) because the plain language of that section bars "claims" and not "motions." We disagree.

¶ 24    First, we note that, despite Synosure's clever play on words and creative interpretation of section 15-1509(c), it is clear that the section applies in this case. We note that Synosure's argument that it did not waive the issue of whether Wilmington Trust's complaint failed to state a claim, while couched in a motion, is indeed a claim that the foreclosure default judgment is invalid. Thus, this argument is without merit.

¶ 25    Further, we note that similar issues have been considered by this court in applying section 15-1509(c). In *Taylor*, this court considered whether section 15-1509(c) barred the plaintiff's complaint for wrongful foreclosure based on lack of standing against the bank. *Taylor*, 2019 IL App (1st) 172652, ¶ 11. This court considered and rejected the plaintiffs' argument that the contested order was void, and further that they extensively litigated the bank's standing throughout the proceedings, which provided more than a "mere opportunity" to challenge the fraud they believed occurred when the foreclosure court entered the order in question. *Id.* ¶ 17. This court also found that our case law is clear: an effort to challenge orders in an underlying foreclosure action after the order approving the sale has been entered must follow the Foreclosure Law. *Id.* See also *McCluskey*, *McCluskey*, 2013 IL 115469, ¶ 2; *Prabhakaran*, 2013 IL App (1st) 111224, ¶¶ 29-30.

¶ 26    Similarly, in *Adler v. Bayview Loan Servicing, LLC*, 2020 IL App (2d) 191019, ¶ 1, this court considered whether section 15-1509(c) barred plaintiffs' claims under the Real Estate Settlement Procedures Act of 1974, as amended (RESPA) (12 U.S.C. § 2605 (2019); 12 C.F.R. §§ 1024.36, 1024.41 (2014)) and the Consumer Fraud and Deceptive Business Practices Act (Fraud Act) (815 ILCS 505/2 (West 2014)) alleging that the bank and Bayview engaged in misconduct arising out of the foreclosure proceeding. The *Adler* plaintiffs argued that section 15-1509(c)

barred only subsequent attacks on the foreclosure judgment. *Id*. ¶ 17. This court determined that the legislature intended section 15-1509(c) to preclude all claims of parties to the foreclosure related to the mortgage or the subject property, except for claims regarding the interest in the proceeds of a judicial sale. *Id*. ¶ 25. As noted by the *Adler* court, "the asserted unfairness of this interpretation is belied by the various provisions in section 15-1508 for addressing 'injustice' issues that might arise in the course of foreclosure proceedings." *Id.* Indeed, in this case, like in *Adler*, Synosure had ample time to challenge the foreclosure complaint. However, the record indicates that it never filed an answer to the complaint, despite being represented by multiple attorneys during the foreclosure proceeding prior to the judicial sale. Indeed, the first pleading filed by Synosure was not filed until three months after the default judgment was entered and just four days prior to the scheduled judicial sale (the first emergency motion to stay the judicial sale), and this issue was not raised at that time. The circuit court granted that motion and stayed the sale until February 1, 2024, and the subsequent sale was scheduled for February 6, 2024. On February 2, 2024, Synosure filed its second emergency motion to stay the judicial sale, which was denied. The property was then sold at judicial sale on February 6, 2024, and Wilmington Trust filed a motion to confirm the sale on February 14, 2024, which occurred on August 6, 2024. It was not until September 4, 2024, that Synosure filed a motion to vacate the default foreclosure judgment that was entered on September 1, 2023, more than a year earlier. We note that the proper time to raise the issues Synosure now seeks to litigate was in fact between the judgment of foreclosure and the confirmation of the sale, as contemplated in section 15-1508. To the extent that Synosure did not pursue these claims as contemplated, they are claim-barred pursuant to section 15-1509(c). See *Adler*, 2020 IL App (2d) 191019, ¶ 25.

¶ 27                                    CONCLUSION

¶ 28     For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 29     Affirmed.